THE STATE OF MISSOURI, Appellant, v. J. T. UMPHREY, Respondent.

**St. Louis Court of Appeals, April 1, 1890.**

Criminal Law : PRESCRIPTION OF INTOXICATING LIQUORS BY PHYSICIAN. An indictment, charging a physician with having criminally prescribed intoxicating liquors contrary to the statute ( R. S. 1879, sec. 5476), is insufficient, if it does not charge that the physician issued the prescription for the purpose of enabling the liquor to be obtained and used otherwise than for medicinal purposes ; a charge that the liquor was used not for medicinal purposes, but as a beverage, will not suffice.

*Appeal from the Pulaski Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*J. L. Johnson,* Prosecuting Attorney, for the appellant.

It is not necessary to follow the exact language of the statute creating the offense when words of equivalent import are used. *State v. Williamson,* 21 Mo. 496 ; *State v. Dengolensky,* 82 Mo. 44. The indictment charges that the defendant issued the prescription for intoxicating liquor to be used and drank as a beverage and is sufficient. That part of the indictment alleging that said liquor was used otherwise than for medicinal purposes can be stricken out as surplusage and still enough remains to constitute a valid indictment. *State v. Nations,* 75 Mo. 53; 39 Mo. 532.

*Hill & Rackliff,* for the respondent.

BIGGS, J., delivered the opinion of the court.

The following indictment was found against the defendant at the March term, 1889, of the circuit court

of Pulaski county, to-wit: "The grand jurors for the state of Missouri summoned from the body of Pulaski county, impaneled, charged and sworn, upon their oaths present that J. T. Umphrey, late of the county aforesaid, on the second day of February, 1889, at the county of Pulaski, state aforesaid, then and there being a physician, did unlawfully make out and issue a prescription to one Sol. Douner for a certain quantity of intoxicating liquors, to-wit, one pint of alcohol, one-half pint of whiskey, one pint of brandy and one glass of beer, which said intoxicating liquors were then and there used otherwise than for medicinal purposes, to-wit, to be used and drank as a beverage, against the peace and dignity of the state."

This indictment was drawn under section 5476 of the Revised Statutes, 1879, which is as follows: "Any physician, or pretended physician, who shall make or issue any prescription to any person for intoxicating liquors, in any quantity, or for any compound of which such liquors shall form a part, to be used otherwise than for medicinal purposes, or who shall make or issue any prescription contrary to the true intent and meaning of this chapter, shall be deemed guilty of a misdemeanor, and, upon conviction, be punished by a fine of not less than forty nor more than two hundred dollars."

The defendant filed a motion to quash the indictment for the following reasons: *First.* Because it charges no offense against him. *Second.* Because said indictment fails to charge that he was a registered or legally practicing physician. *Third.* Because it does not charge in the language of the statute the purposes for which the prescription was given. *Fourth.* Because said indictment fails to set out the prescription or to show it was in legal form. The court sustained the motion and quashed the indictment, and from this judgment the state has appealed.

The general rule is that an indictment is sufficient, if it charges the offense in the language of the statute

or in words of equivalent import. The indictment in this case fails to do either ; the very *gravamen* or gist of the offense is omitted. It only charges that the intoxicants obtained on the alleged prescription were *used* as a beverage ; whereas the defendant could only be held for a violation of the statute, if it was alleged and proved that he issued the prescription for the *purpose* of enabling the party to obtain the liquor to be used as a beverage. The language employed in the statute will admit of no other construction, and besides any other interpretation would be unreasonable. If a physician in good faith prescribes intoxicating liquors for his patient, and the intoxicants, thus obtained for medical purposes, are actually used as a beverage, it would be unjust to hold that this would amount to a violation of law by the physician. The indictment in controversy presents such a case, and we are of opinion that the circuit court did right in sustaining the motion to quash. The judgment will be affirmed. All the judges concur.