THE STATE OF MISSOURI, Appellant, v. L. A. ANTHONY, Respondent.

**St. Louis Court of Appeals, January 17, 1893.**

1. **Criminal Law**: ISSUE OF PRESCRIPTION FOR INTOXICATING LIQUORS. To justify the conviction of a physician under section 4624 of the Revised Statutes for the issuance of a prescription for intoxicating liquors, to be used otherwise than for medicinal purposes, it is not requisite that the physician should have been a registered physician, nor that he should have been engaged in the practice of medicine in the county.

2. ——: ——: INDICTMENT. An indictment under that section need not set forth the prescription *in hæc verba;* nor need it state the kind or quantity of the liquor for which the prescription was issued.

*Appeal from the Crawford Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

BIGGS, J.—The circuit court on motion of the defendant quashed the indictment in this cause, and the state has appealed.

Omitting the formal parts, the indictment charged "that, on the seventh day of July, 1891, at and in said county (Crawford), one L. A. Anthony, then a physician engaged in the practice of medicine, did then and there unlawfully make out and issue to one George Matlock a prescription for intoxicating liquor, to be used otherwise than for medical purposes, against the peace and dignity of the state." Then follow other

counts of like tenor, charging the defendant with issuing other false prescriptions to other persons. The objections to the indictment were, that it charged no offense; that it failed to charge that the defendant was a registered physician, and was engaged in the practice of his profession in Crawford county; and that it failed to show that the prescription was in legal form.

No briefs having been filed on either side, we have no way of knowing the views of the trial court. The indictment is undoubtedly subject to criticism in that it is not as specific as it ought to have been, but we cannot see wherein it is fatally defective. The statute (Revised Statutes, 1889, sec. 4624), under which the indictment was preferred, reads: "Any physician, or pretended physician, who shall make or issue any prescription to any person for intoxicating liquors in any quantity, or for any compound of which such liquors shall form a part, to be used otherwise than for medicinal purposes,   *   *   *   shall be deemed guilty of a misdemeanor," etc.

It was not necessary that the defendant should have been a registered physician, nor that he should have been engaged in the practice of medicine in Crawford county. The statute says that, if "any physician or *pretended physician*" shall issue an illegal prescription, he shall be punished, etc. It could make no difference whether the defendant was a registered physician with authority to practice his profession, or was only a "pretended physician." In either case he would be liable to punishment for issuing an illegal prescription.

Neither do we think that it was necessary to set forth the prescription *in hæc verba*. Its date was given, and also the name of the party for whose benefit it was issued, and it was substantially averred that the prescription was issued to enable the party, to whom it

was delivered, to procure intoxicating liquors for other than medical purposes. Nor was it necessary to state in the indictment the kind or quantity of liquor mentioned in the prescription. *State v. Melton*, 38 Mo. 368; *State v. Rodgers*, 39 Mo. 431.

The indictment, although subject to criticism, is in our opinion sufficiently definite to apprise the defendant of the offense, so as to enable him to prepare his defense, if he had any. That is all the law requires. The judgment will be reversed and the cause remanded. All the judges concur.