STATE OF MISSOURI, Appellant, v. DAVIS, Respondent.

St. Louis Court of Appeals, May 28, 1907.

LOCAL OPTION: Prescription. An information charging a physician with issuing a prescription in violation of section 3050, Revised Statutes of 1899, which failed to allege that the liquor procured on the prescription was "to be used otherwise than for medicinal purposes" was defective. An allegation that the prescription was issued for the unlawful purpose of procuring the druggist to violate the local option law, was not sufficient to charge the offense defined by the statute.

Appeal from Stoddard Circuit Court.—*Hon. Henry C. C. Riley,* Judge.

AFFIRMED.

*James Orchard* and *T. H. Maulding* for respondent.

NORTONI, J.—The defendant was informed against by the prosecuting attorney in the circuit court of Stoddard county under section 3050, R. S. 1899. The offense attempted to be charged in the information is the issuing by a physician or pretended physician, to one Garner, a prescription for intoxicating liquors, one pint of whiskey, to be used otherwise than for medical purposes, as denounced by the statute referred to. The circuit court sustained a motion to quash the information and the State appeals.

The information, after formal averments and allegations to the effect that the local option law had been duly adopted and was in force in Stoddard county, insofar as material on this appeal, is as follows: "That on or about the —— day of March, A. D. 1905, the defendant G. R. A. Davis, did then and there unlawfully issue and deliver to one E. J. Garner, a prescription for one pint of intoxicating liquors *for the unlawful purpose of procuring one W. P. Renner by means of said prescription to sell to said E. J. Garner, said intoxicating liquors and the said* E. J. Garner, did on or about the —— day of March, A. D. 1905, in said County and State by virtue of and under said prescription induce the said W. P. Renner to sell to him, the said E. J. Garner, said intoxicating liquors, to-wit: One pint of intoxicating liquors, contrary to the local option law aforesaid and against the peace and dignity of the State."

The statute, so far as material, is as follows: "Any physician, or pretended physician, who shall make or issue any prescription to any person for intoxicating liquors in any quantity  .  .  .  to be used otherwise than for medicinal purposes  .  .  .  shall be deemed guilty," etc.

It seems clear that the information fails to charge an offense under these provisions. Now the gravamen or gist of the offenses denounced by the pertinent provisions of the statute quoted, consists in issuing a prescription for liquors in any amount, "to be used otherwise than for medicinal purposes." This much is obvious from a reading of the statute itself, and has been judicially determined by this court in State v. Umphrey, 40 Mo. App. 327. The information wholly fails to allege the defendant issued the prescription to enable Garner to procure liquor "to be used otherwise than for medicinal purposes." Now while the general rule requires the offense to be charged in the language of

the statute, it is very true that it is not always essential to the sufficiency of the information that the offense be charged in the precise language employed by the lawmakers, but if it is not so charged, the language employed by the pleader must be apt and appropriate words of equivalent import. State v. Umphrey, supra. In this case, however, the information neither follows the language of the statute nor does it employ equivalent words. It charges in substance the prescription was issued for the unlawful purpose of procuring one Renner to violate the local option law by selling to Garner one pint of whiskey. Now even though the defendant issued the prescription to procure Renner to violate the local option law by selling a pint of whiskey to Garner, still nothing appears therein to show the liquor was "to be used otherwise than for medicinal purposes." This element which would justify the act of the physician is in no way negatived. It is certain that if the whiskey was to be used for medicinal purposes, then the physician who issued the prescription was guilty of no offense under this statute, even though it was to be procured from another person on the prescription by a violation of the law on the part of the person who sold the whiskey. The mere fact that a third party, Renner, was invited and induced to violate the law by the presentation of the prescription to him, is not sufficient to overcome the element of good faith on the part of the physician, if the liquor was not to be used otherwise than for medicinal purposes. In other words, it is not the fact that one may use a prescription in procuring another to violate the law alone that is denounced under the provisions of the statute here in judgment, however reprehensible such an act may be (State v. Umphrey, supra), but on the contrary, it is the fact that the physician issued the prescription for a quantity of liquor to be used for purposes other than medicinal, against which the inhibition of the law is leveled. If we give due attention to

the wording of the statute, and construe it with that degree of strictness required by the law. in dealing with penal provisions, the distinction is observed and must be taken by the court in administering its provisions, between the contemplated use of the prescription and the contemplated use of the liquor after it is procured. A case in mind to illustrate as follows: A physician may be in dire straits for an immediate stimulant to administer to a patient who otherwise would be in great danger of immediate dissolution, and could procure the necessary stimulant by issuing a prescription which he knew could only be supplied by applying to one not a druggist whose sale of the liquor therein would contravene the statute and operate a violation. Under such circumstances, no one would say the physician, in issuing the prescription for a stimulant, to be used immediately for medical purposes, had violated the statute which only denounces his act when issuing the prescription for liquor "to be used otherwise than for medicinal purposes."

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.