## STATE OF MISSOURI, Respondent, v. CHARLES HUME, Appellant.

**Kansas City Court of Appeals, January 24, 1910.**

**PHYSICIAN: Intoxicating Liquor: Prescription.** An information charging that a physician issued a prescription for intoxicating liquor to a person who obtained and used it to get liquor as a beverage, does not charge an offense against the physician. The physician's innocence of the purpose for which it was intended to be used should be negatived by some appropriate term or word.

Appeal from Boone Circuit Court.—*Hon. Nick M. Bradley,* Special Judge.

REVERSED.

*W. H. Rothwell* for appellant.

The information in this case is fatally defective in that it fails by the use of the language of the statute or otherwise to charge any offense. State v. Umphrey, 40 Mo. App. 327.

*L. T. Searcy, F. G. Harris* and *H. D. Murry* for respondent.

(1)   The information is in the exact language of the statute and this court has repeatedly held that in charging an offense of this kind, that is sufficient. State v. Fare, 39 Mo. App. 110; State v. Parker, 39 Mo. App. 120; State v. McDaniel, 40 Mo. App. 356; State v. Davis, 106 Mo. 230.   (2)   The form of this information is held good in State v. Anthony, 52 Mo. App. 507, and follows the form set out by Judge Kelley in his Criminal Law and Practice, at page 747.

ELLISON, J.—This prosecution was begun by an information charging defendant, a physician, with unlawfully issuing a prescription for intoxicating liquors, in violation of section 3050, Revised Statutes 1899. The defendant was convicted.

The conviction was not warranted.   No offense was charged in the information.   The innocence of the defendant should have been negatived.   The charge is so framed that while it charges the intoxicating liquor was to be used as a beverage and not a medicine by the man who obtained the prescription, it does not connect defendant with a knowledge of that fact, or with a purpose or intent of its being so used.   If an indictment should charge that a physician issued a prescription to a person for intoxicating liquor "to be used" as a beverage, it might very well be said, thus closely connected, that that is charging that the physician issued it for the purpose of its being used to get the liquor as a bev-

erage. But here, the matter of the charge of issuing the prescription is so disconnected from the use to which the liquor is to be put by the party obtaining it, that while the latter is well charged with the unlawful and guilty knowledge and intent, the physician is not included with him. The case cannot be distinguished from State v. Umphrey, 40 Mo. App. 327, where a similar charge was held insufficient. As was said by NORTONI, J., in State v. Davis, 126 Mo. App. 235, 238, a case not altogether like this, yet on the same subject, a "distinction is observed and must be taken by the court in administering its (the statute's) provisions, between the contemplated use of the prescription and the contemplated use of the liquor after it is procured." See also State v. Mitchell, 28 Mo. 562, and State v. McAdoo, 80 Mo. 216.

The judgment is reversed. All concur.

## ON MOTION FOR REHEARING.

PER CURIAM:—A rehearing is asked on the ground that we have overlooked the case of State v. Anthony, 52 Mo. App. 507, decided by the St. Louis Court of Appeals. We did not overlook that case. We did not refer to it for the reason that we did not consider it was applicable to the point made in this case.

The indictment in that case is for the same offense as that charged in the information in this case, but they are not otherwise alike. The motion is overruled.