STATE OF MISSOURI, Respondent, v. R. L. POMEROY, Appellant.

Kansas City Court of Appeals, April 29, 1912.

CRIMES AND PUNISHMENTS: Intoxicating Liquor: Prescription of Physician: Instruction. Defendant, a physician, was indicted and convicted for issuing a prescription for intoxicating liquor not to be used for medicinal purposes. The instructions failed to include the essential element of the knowledge of defendant that the prescription was to be used otherwise than for medicinal purposes, and was therefore erroneous.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird*, Judge.

REVERSED AND REMANDED.

C. C. Barrett for appellant.

An indictment in the language of the statute is sufficient only where all the facts which constitute the offense are set forth in the statute. The indictment should not only follow the language of the statute in

this case, but it should descend to particulars and allege for what particular purpose this liquor was to be used. State v. Krueger, 134 Mo. 263; State v. Haywood, 83 Mo. 299. Nothing is taken by intendment. State v. Austin, 113 Mo. 538. It permits a conviction without requiring the jury to find that the defendant had knowledge that the liquor was to be used otherwise than for medicinal purposes, which is the very gist of the offense. State v. Umphrey, 40 Mo. App. 327; State v. Hume, 141 Mo. App. 489; State v. Davis, 126 Mo. App. 235.

*T. C. Owen* for respondent.

It has been repeatedly held by the court that in charging an offense it is not absolutely essential to use the exact words of the statute. Words of equivalent import being a substantial compliance with the requirements of law affecting good pleading. State v. Ware, 62 Mo. 597; State v. Watson, 65 Mo. 115; State v. Seiberling, 143 Mo. App. 320; State v. Standifer, 209 Mo. 273. It is not necessary to allege the particular purpose for which the intoxicating liquor is to be used as the law only authorizes the issuing of a prescription by a physician for one purpose, i. e., for medicinal purposes, and when a physician issues a prescription for intoxicating liquor not to be used for medicinal purposes the criminal intent is presumed and the crime is complete. State v. Handler, 178 Mo. 38.

JOHNSON, J.—Defendant was indicted, tried and convicted in the circuit court of Benton county on the charge of issuing a prescription for intoxicating liquor in violation of section 5784, Revised Statutes 1909, which provides that "any physician . . . who shall . . . issue any prescription to any per-

163 App.—19

son for intoxicating liquors in any quantity . . . to be used otherwise than for medicinal purposes . . . shall be deemed guilty of a misdemeanor," etc. The indictment alleges that defendant "on the 24th day of December, 1910, at the county of Benton and state of Missouri, being then and there a duly licensed and practicing physician, did then and there unlawfully and willfully make and issue a prescription for intoxicating liquor, to-wit, one-half pint of whiskey to one Fred Owen, which intoxicating liquor was not then and there to be used for medicinal purposes against the peace and dignity of the state."

Evidence introduced by the state supported the charge that defendant made and issued a prescription to Fred Owen and that defendant did not prescribe the whiskey for medicinal use but for use as a beverage. The evidence of defendant controverted that of the state and tended to exculpate him.

The court, of its own motion, and over the objection of defendant, instructed the jury "that if you believe from the evidence that the defendant, at the county of Benton and state of Missouri, on the 24th day of December, 1910, made, issued and delivered to the witness, Fred Owen, the prescription offered in evidence, for intoxicating liquor, to-wit, one-half pint of whiskey, and that such intoxicating liquor was not to be used for medical purposes, then you will find the defendant guilty," etc.

The principal points argued by defendant for a reversal of the judgment are, first, that the indictment does not allege a criminal offense, and, second, that the instruction just quoted does not contain an essential ingredient of the offense defined in section 5784. The gist of the statutory offense is the issuance by a physician of a prescription for intoxicating liquor with the knowledge that the prescription is not to be used medicinally. The purpose of the statute is to prohibit physicians from giving prescriptions for

intoxicating liquors except for medicinal use. Where application is made to a physician for such prescription it becomes his duty to make inquiries of the applicant concerning the use intended to be made of the prescription and not to comply with the request unless he reasonably believes that a lawful use of the intoxicant is intended.

The statutory language "to be used otherwise than for medicinal purposes," is not employed in the indictment. Instead we find the expression "which intoxicating liquor was not then and there to be used for medicinal purposes." Had the statutory phrase been employed we would hold as we did in State v. Hume, 141 Mo. App. 487, it should be construed as charging that the defendant issued the prescription for the purpose of its being used to obtain the liquor as a beverage. And we think such is the only construction that reasonably may be placed on the language of the indictment. It is true the direct averment that the liquor was to be used otherwise than for medicinal purposes is absent but the allegation that it was not to be used for medicinal purposes is a direct and distinct negation of the innocence of the defendant since in excluding the only lawful purpose for which defendant could have issued the prescription and in alleging that he did issue it, the indictment not by inference or intendment, but by direct averment, charged the specific offense defined in the statute.

The presence of the words "then and there" in the clause we are discussing does not affect our interpretation. As is said by NIXON, J., in State v. Seiberling, 143 Mo. App. 318, "the words 'then and there' are simply words of reference used for convenience to avoid repeating time and again the place and time of the commission of the offense." As to time, the term as employed in the indictment, does not mean immediately but any time within the limitation of the crime and as to place it means any place in the county

where the crime is alleged to have been committed. [Dreyer v. People, 176 Ill. 590.]

But the judgment must be reversed and the cause remanded on the ground of prejudicial error in the instruction we have quoted. In the hypothesis on which it directs a verdict of conviction it fails to include the essential element of the knowledge of defendant that the prescription was to be used otherwise than for medicinal purposes. Such knowledge, as we have said, is the very gist of the statutory offense. If defendant, in good faith, issued the prescription believing the applicant intended to use it lawfully and was deceived by untruthful representations of the applicant, he was guilty of no violation of the statute (State v. Umphrey, 40 Mo. App. 327; State v. Hume, supra; State v. Davis, 126 Mo. App. 235), and yet the instruction before us would hold him guilty in such case. The error is manifest. The judgment is reversed and the cause remanded. All concur.