STATE OF MISSOURI, Respondent, v. S. A. BATES, Appellant.

**Springfield Court of Appeals, December 31, 1914.**

1. **INDICTMENTS AND INFORMATIONS: Intoxicating Liquors: Prescription of Physican: Sufficiency of Charge.** An indictment charging a physician with illegally issuing a prescription for liquor examined and considered to sufficiently charge that such liquor was not intended to be used for medicinal purposes.

2. **INTOXICATING LIQUORS: Prescription by Physician: Good Faith Examination.** Under Sec. 5784, R. S. 1909, it is incumbent on a physician who issues a prescription for liquor to ascertain in good faith that the liquor prescribed is a necessary remedy.

3. ————: ————: **Good Faith.** If a physician in good faith prescribes liquor for a patient as a necessary remedy he is not subject to punishment for error in judgment, nor because others of his profession differ from him in such conclusion. Nor is he liable although the patient, without the physician's knowledge, intends to use the liquor as a beverage.

4. **INTOXICATING LIQUORS: Prescription by Physician: Good Faith: Question for Jury.** In a prosecution against a physician for illegally issuing a prescription for liquor, evidence examined and reviewed and *held* that the question of the good faith of the physician in issuing the prescription was properly for the jury.

Appeal from Wayne County Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*John H. Raney* and *Munger & Wise* for appellant.

(1) The count in the indictment under which defendant Bates was convicted states no offense under the law. State v. Hume, 141 Mo. App. 487. (2) Instruction numbered 1 falls far short of the necessary requirements of the statute in this, that it does not submit to the jury the question of whether or not Dr. Bates had knowledge that the whiskey and medicine prescribed by him was to be used for other than medicinal purposes. In fact there is no testimony in this case indicating that it was to be, or that it was in fact used for other than medicinal purposes. State v. Pomeroy, 163 Mo. App. 288.

*J. F. Meador* for respondent.

(1) The indictment is valid and sufficient, and concisely presents the charge. Section 5784, R. S. 1909; State v. Manning, 87 Mo. App. 78; State v. Anthony, 52 Mo. App. 507; re-affirmed and approved: State v. Hume, 141 Mo. App. 488. (2) Instructions must be read and construed as a whole. The true test, in determining the sufficiency of a charge, is to construe it as a whole and in relation to all its parts. It is not permissible to single out a single instruction and attack it merely because, standing alone, it may be unfavorable, or misleading. State v. Weisman, 141 S. W. 1108; State v. Dunn, 221 Mo. 530; State v. Hall, 228 Mo. 456; State v. Montgomery, 230 Mo. 660.

STURGIS, J.—The defendant in this case was prosecuted and convicted under an indictment returned by the grand jury of Wayne county, Missouri, for the offense of issuing a prescription as a physician for intoxicating liquors to be used otherwise than for medicinal purposes. The indictment is drawn under section

5784, Revised Statutes 1909, and charges "that on the 24th day of September, 1913, at Wayne county and State of Missouri, one S. A. Bates, being then and there a physician and engaged in the practice of medicine, did then and there unlawfully make out and issue to one Jasper Markham a prescription for intoxicating liquor, and for a compound of which intoxicating liquor formed a part, to be used otherwise than medicinal purposes; which said prescription is as follows." The prescription is then set out in full and the indictment ends with the words: "Against the peace and dignity of the State." A trial was had to a jury, who returned a verdict finding the defendant guilty and assessing· his punishment at a fine of one hundred dollars.

The defendant challenges the sufficiency of the indictment, citing the case of State v. Hume, 141 Mo. App. 487, 124 S. W. 1099. This indictment, however, is not subject to the defect pointed out in the indictment in that case. It is there said that the indictment does not negative the innocence of the defendant and does not connect the defendant with a knowledge of the purpose that the prescription issued by him was to be used for other than medicinal purposes; but it is said that if an indictment should charge that a physician issued a prescription for intoxicating liquors to be used as a beverage, it would be sufficient as this would negative its being used for medicinal purposes. The present indictment is in the language of the statute and is in the form approved in State v. Anthony, 52 Mo. App. 507. [See, also, State v. Pomeroy, 163 Mo. App. 288, 147 S. W. 144.]

The evidence in this case shows that the prosecuting witness, Markham, applied to the defendant at his office in Piedmont, Missouri, for a prescription for Whisky. There was a county fair going on at this town at this time. This witness and several companions were attending the fair and had been drinking more or less during the day. He applied to the de-

fendant for the prescription along in the evening and the evidence is conflicting as to the extent of his intoxication at that time. The witness said that he was and had been for sometime suffering with some ailment causing pains in his back which he attributed to kidney trouble. The evidence is conflicting as to the extent of the examination made by the defendant to ascertain the condition of the patient and the cause of his malady. According to the evidence of the prosecuting witness he had already made up his mind both as to the nature of his trouble and the proper remedy therefor, and he says he not only asked for a prescription for whisky but insisted that it should be good whisky. He also seems to have indicated to the defendant the quantity of whisky necessary for his particular case, to-wit, a quart, and this is the amount which the prescription called for. The prescription was immediately filled at the drug store where the defendant kept his office. In explanation of his having prescribed whisky for his own ailment, the prosecuting witness said that he had been using this remedy for sometime and that it had been prescribed for him by another person who his evidence would at first indicate was another doctor. On cross-examination, however, he admitted that the person who had previously prescribed whisky as a proper remedy for his ailment was a man whose occupation was that of a day laborer on a railroad. The defendant testified that he made an extensive examination of the prosecuting witness and that he had kidney trouble, which, in his judgment, would be helped by the use of a stimulant and that he prescribed whisky as a proper remedy in good faith. He says that the whisky was not to be used alone, but that it was to be used merely as a preservative of certain herbs, such as burdock root, yellow dock, sassafras and May apple root, which he directed the patient to put in the same in order to make ''bitters.'' He excuses himself for not having prescribed these

herbs in the prescription on the ground that they were not kept in stock by the druggist and that the patient could readily dig and find the same in his back yard or field. There was evidence of other physicians to the effect that alcoholic stimulants generally acted as irritants to the kidneys and were apt to aggravate rather than cure the ailments such as the prosecuting witness had described. These witnesses also testified that while whisky is a tonic and might afford temporary relief in certain kidney trouble, yet, they knew of no such trouble as would require a quart of this stimulant. It is shown also that the defendant, for some cause, cautioned the patient not to use the whisky in excess as it would make his blood flow too fast. It seems that the patient was so unfortunate as to lose the entire quart of whisky by breakage a short time after he received it and the record does not show whether he would have used it as a medicine or as a beverage and its efficiency as a remedy was not put to the test.

It will be noticed that the sale of intoxicating liquors on a physician's prescription for medicinal purposes and the issuance of prescriptions by physicians calling for intoxicating liquors are restricted by our statutes within narrow limits. While alcohol and intoxicating liquors are recognized by our statutes as having medicinal value and the sale and use of same as medicine is permitted, yet, it is evident that the Legislature has restricted both druggists and physicians to dispensing the same as medicine only. Section 5781, Revised Statutes 1909, prohibits druggists from selling or dispensing such liquors except on a physician's written prescription designating the person for whom the same is prescribed and "that such intoxicating liquor is prescribed as a necessary remedy." This means that the intoxicating liquor prescribed is to be used by a particular person as a *remedy* and that it is in the judgment of a physician a *necessary* one. Section

186MoApp24

5784, Revised Statutes 1909, prohibits any physician from issuing to any person a prescription for intoxicating liquors, or for any compound of which such liquors shall form a part, to be used otherwise than for medicinal purposes. The physician issuing such a prescription must state therein that the intoxicant is a necessary remedy and the law casts on him the duty of ascertaining in good faith that same is such necessary remedy. The physician cannot cast on the patient, suffering from some real or imaginary ailment, the privilege of diagnosing his own case and prescribing the proper remedy. The evidence shows that such patients often want the thing that has caused the ailment rather than one to cure it. If the patient knows both the cause and nature of his malady and the "necessary remedy" therefor, he has little need to consult a physician. If the physician acts in good faith in prescribing intoxicating liquors as a medicine, he is not to be punished for an error of judgment; nor because another physician differs with him as to its being a necessary remedy; nor is he liable in case the patient, without his knowledge, intends to use the liquors thus obtained as a mere beverage or for a purpose other than medicinal and he cannot be convicted merely because the patient thereafter does so. [State v. Pomeroy, 163 Mo. App. 288, 292, 147 S. W. 144.]

We think, as did the trial judge, that the evidence in this case warranted the submission to the jury of the question of the good faith of the defendant in issuing this prescription. According to the defendant's evidence, he issued the prescription in good faith; but there is evidence to the contrary and the question was one for the jury.

On behalf of the State, the court instructed the jury that if the defendant, as a physician, "made out and issued to the witness, Jasper Markham, a prescription for intoxicating liquor, to-wit, whisky, or for a compound of which any intoxicating liquor formed a

part, to be used otherwise than for medical purposes, that is to say, to be used otherwise than for the necessary treatment of the ailment with which the person to whom such prescription was made out and issued was suffering at the time; then you will find the defendant guilty." For the defendant, the court instructed the jury that "if you find from the evidence that the defendant made a physical examination of the witness Jasper Markham, for the purpose of determining what kind of medicine he should prescribe for him, and if you shall believe that upon such examination he honestly believed that the prescription made by him for said witness, consisting of whisky and other ingredients was best calculated to meet the immediate case of said witness and a necessary remedy, and that said prescription was not made in an attempt to evade the law, then your verdict should be for the defendant." These instructions fairly and in a manner easily to be understood by the jury declared the law applicable to the case and submitted defendant's good faith and purpose in issuing the prescription and are to be commended for their clearness.

Finding no error in the record, the judgment will be affirmed.

*Robertson, P. J.*, and *Farrington, J.*, concur.