IN THE MATTER OF THE APPLICATION OF DALLAS LA VERGNE FOR A WRIT OF HABEAS CORPUS.
DALLAS LA VERGNE, APPELLANT, *v.* JACK FOGLIANI, WARDEN OF NEVADA STATE PRISON, RESPONDENT.

No. 4362

November 22, 1960                    357 P.2d 116

*Dallas La Vergne,* in propria persona.

*Roger D. Foley,* Attorney General, *Norman H. Samuelson,* Deputy Attorney General, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the court below denying appellant discharge from custody under a writ

of habeas corpus. The matter is before this court on the merits of the appeal.

Petitioner was arrested in the County of Clark, State of Nevada, on a charge of murder. Counsel was appointed to represent him and after a preliminary hearing in the Justice's Court of Las Vegas Township he was bound over for trial in the District Court of Clark County. Under the information filed in said District Court, he was tried by jury and found guilty of voluntary manslaughter. Thereafter he was sentenced to a term in the Nevada State Prison of not less than five years nor more than ten years. No appeal was taken from said verdict or sentence. Pursuant thereto petitioner was transferred to the Nevada State Prison where he is now detained.

In petitioning the court below for a writ of habeas corpus, petitioner alleged that he was illegally held by respondent for the following reasons:

"1. Petitioner was physically beaten and maltreated before and during his trial in Case No. 594 of the Eighth District Court of Nevada.

"2. Petitioner was denied his rights to have witnesses in his behalf in said Case No. 594.

"3. Before trial petitioner was held incommunicado and not allowed to talk to anyone but the police in Case No. 594.

"4. Counsel appointed by the State in case No. 594 was inadequate and made no attempt to properly defend petitioner, and the said Court made no attempt to help Petitioner in this respect but rather encouraged it."

The matter came on regularly for hearing in the court below which found that the said allegations upon which petitioner's contention of illegal restraint is based were not supported or established by evidence.

There is nothing in the record before us to show that petitioner is detained other than by a proper order of commitment issued by a court of competent jurisdiction

in the exercise of such jurisdiction. Under such circumstances, the order of the lower court restoring petitioner to the custody of respondent was proper. NRS 34.640.

Affirmed.