BLAKELY *v.* STATE.

Opinion delivered December 3, 1904.

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A physician accused of selling whisky without license is not in a position to ask for a new trial on the ground that since the trial the affidavit which he filed with the clerk, as required by Sandels & Hill's Digest, § 4879, in order to authorize him to prescribe and furnish alcoholic stimulants to his patients, has been found, if he neither asked for a continuance on account of the loss of such affidavit, nor offered to prove by other evidence that he had filed it. (Page 219.)

2. LIQUORS—THREE-MILE LAW—SALE BY PHYSICIAN.—A physician attempting to justify the sale of whisky under Sandels & Hill's Digest, § 4879, in addition to proving that he filed the required affidavit with the clerk, must show that the whisky was furnished to a patient under his treatment, and that he at the time in good faith believed it was necessary for the treatment of the patient's disease. The statute does not authorize the sale of whisky by a physician to a man simply because some member of his family is sick. (Page 220.)

Appeal from Johnson Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

T. B. Blakely, a practicing physician, was indicted, tried and convicted in the Johnson Circuit Court for selling whisky without license, and fined accordingly. Afterwards he filed a motion for a new trial, and, among other things, set up that previous to the sale of the whisky he had filed in the office of the county clerk the affidavit required by the statute in order to authorize him to prescribe and furnish alcoholic stimulants to patients under his charge. He further stated that previous to the trial his counsel had made search for such affidavit in the office of the county clerk, but that it could not then be found, and for that reason it was not produced on trial, but that the affidavit had ben found since the trial. The court overruled the motion, and the defendant appealed.

*J. E. Cravens,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of conviction for selling whisky without license, and there are several reasons why this judgment must be affirmed.

In the first place, if the affidavit, the filing of which was a prerequisite to authorize the defendant to prescribe and furnish alcoholic stimulants to his patients, was lost at the time of the trial, there was nothing to prevent him from showing by other evidence that it had been properly filed. But he made no attempt

to do this, and made no reference to the affidavit whatever. As he neither asked for a continuance, nor offered to show by other evidence that he had filed this affidavit, although it was a matter of which he must have had knowledge, he is not now in a position to ask for a new trial on the account of the absence of such evidence. 14 Enc. Plead. & Prac. p. 802.

Again, if the affidavit had been introduced and proved at the trial, it would still have been incumbent on the defendant to show that the whisky was prescribed or furnished to a patient under his treatment, and that he at the time in good faith believed that it was necessary for the treatment of the disease with which the patient was afflicted. But about all the evidence introduced by defendant amounts to is that the family of the prosecuting witness was sick, and that he let him have whisky. The witness testified that he purchased whisky many different times from the defendant, as much as a quart at a time, and the defendant admits that he sold him whisky as many as three or four times, when his family needed it. When asked to tell the character of sickness with which the family was afflicted at the time the whisky was furnished, he stated that on one occasion the wife of the witness miscarried, and he let him have whisky; that another time, when his infant child of three or four months old was operated on for hair-lip, he again let him have whisky. But he nowhere says that whisky was prescribed or furnished to the wife or child because he considered it necessary for the treatment of the disease under which they suffered, and the evidence leaves it a little uncertain whether this whisky was sold to the witness to be used in the treatment of his wife and child, or whether it was intended for the use of the witness, in order to fortify and enable him to bear his domestic troubles.

The statute forbids the sale of whisky without license, and makes no exception, but under certain conditions it permits regular practicing physicians to prescribe and furnish such stimulants to patients under their charge in prohibited districts when deemed necessary for their treatment. If we admit that the sale of whisky by a physician for the purposes named, and after he has complied with the conditions of the statute as to the filing of his affidavit, would not be unlawful, still the statute clearly does not authorize the sale of whisky to a man simply because some member of his family was sick, and the evidence in this

case falls, we think, short of bringing the defendant within the exception of the statute. As he admitted a sale, and showed no defense, it was not error for the court to direct a verdict.

Judgment affirmed.