## In the Matter of the Application of DAVE STEARNS for a Writ of Habeas Corpus

No. 3644

February 20, 1951.                    227 P.2d 971.

*Morse & Graves,* of Las Vegas, and *George L. Vargas,* of Reno, for Petitioner.

*Alan Bible,* Attorney General, *W. T. Mathews, George P. Annand,* and *R. L. McDonald,* Deputy Attorneys General, for Respondent.

## OPINION

By the Court, EATHER, J.:

Petitioner has been indicted by the grand jury of Clark County, Nevada, for having fraudulently voted in the general election held November 5, 1946. He was committed and later released on bail. He sought a writ of habeas corpus in the Eighth judicial district court, but the writ was denied. Thereupon petitioner submitted himself to the sheriff of Ormsby County and, upon being detained and imprisoned, he filed this original habeas corpus proceeding. He has been released on bond fixed by this court.

Answering the writ of habeas corpus issued by this court on November 22, 1950, the sheriff of Ormsby County states that he is holding petitioner under and by virtue of the indictment aforesaid. We have before us a transcript of the proceeding in the Eighth judicial district court.

It is contended by petitioner that he is unjustly and unlawfully detained and imprisoned for the reason, inter

alia, that there was no legal evidence presented to the grand jury to support or justify the indictment, and that the requirement of section 10822, N.C.L.1929, has not been met. That portion of our statute provides as follows: "In the investigation of a charge, for the purpose of either presentment or indictment, the grand jury can receive no other evidence than such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence, or the deposition of witnesses taken as provided in this act. The grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence."

Petitioner contends, therefore, that the district court is without jurisdiction to try him and he claims that he has the right, upon habeas corpus, to present evidence in support of his contention. In the former proceeding for writ of habeas corpus in the district court, petitioner offered to produce, in support of his claim, all the witnesses whose names appear upon the indictment as having testified before the grand jury. That offer was refused by the district court on the ground that to grant such a privilege to petitioner would be virtually to permit him to try the case on its merits.

Petitioner repeats his offer to this court, and offers to prove that there was *no* legal evidence that petitioner ever voted or attempted to vote as charged in the indictment; that the grand jury received *no* legal evidence indicating that a crime had been committed by petitioner; that *no* competent evidence was introduced before the grand jury indicating that petitioner was guilty of any offense; and that the face of the indictment affirmatively shows that the offense charged was barred by limitations at the date of the indictment.

There is no doubt that inquiry upon habeas corpus may not be extended to determine the sufficiency of the evidence before the grand jury to warrant a finding of

an indictment.   However, section 11390, N.C.L.1929, places a duty upon the court to hear petitioner's allegation and such proof as may be produced against such imprisonment or detention, or in favor of the same, and to "dispose of such party as the justice of the case may require."

Section 11391, N.C.L.1929, provides that the court "shall have full power and authority to require and compel the attendance of witnesses by process of subpena and attachment and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case."

In section 11394, N.C.L.1929, it is provided that: "* * * such prisoner may be discharged * * *.   Sixth— Where the process is not authorized by any * * * provision of law.   Seventh—Where a party has been committed on a criminal charge without reasonable or probable cause."

Those directions from our legislature seem to compel a hearing upon this petition, including the taking of testimony.   Such was the conclusion of this court in the Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655, 662, 129 P. 308, and we think the decision there is controlling in the present situation.   In that case, the court called attention to the principle that it is not the purpose of the writ of habeas corpus to determine, in advance of trial, whether a felony has been committed, and then stated the extent of the inquiry of habeas corpus to be to ascertain "If there were any probable cause or any evidence which would indicate the commission of a crime, any on which the petitioners might be tried and on which a trial jury might act, and which would support a verdict of guilty."

If an indictment charging a public offense is without the support of facts constituting such an offense, the accused should not be put on trial, and there is no

foundation for the indictment. In the Eureka County Bank Habeas Corpus Cases, supra, this court said, 35 Nev. at page 106, 126 P. at page 663: "The power of the state to prosecute cannot be made an engine of persecution. The state, in good faith, is bound to be just to a person charged with crime; and if on habeas corpus it fails to combat a clear showing that the grand jury could have had before it no evidence upon which a jury might be justified in finding a verdict of conviction, then the petitioner ought to be discharged. This view does not invade the province of the trial jury, for upon habeas corpus the judge or court cannot determine in regard to a substantial conflict in the evidence, which is the exclusive function of the trial jury; but it can inquire whether any substantial evidence exists which, if true, would support a verdict of conviction, for if there is none the grand jury has exceeded its powers, and the indictment is void."

In that case, 35 Nev. at page 126, 126 P. at page 670, this court cited and quoted from United States v. Farrington, D.C., 5 F. 343, wherein it was said: "It is the duty of the court, in the control of its proceedings, to see to it that no person shall be subjected to the expense, vexation, and contumely of a trial for a criminal offense, unless the charge has been investigated and a reasonable foundation shown for an indictment or information. It is due, also, to the government to require, before the trial of an accused person, a fair preliminary investigation of the charges against him. It is not the province of the court to sit in review of the investigations of a grand jury as upon the review of a trial when error is alleged; but in extreme cases, when the court can see that the finding of a grand jury is based upon such utterly insufficient evidence, or such palpably incompetent evidence, as to indicate that the indictment resulted from prejudice, or was found in willful disregard of the rights of the accused, the court should interfere and quash the indictment."

In view of the conclusion reached by this court, decision upon the other grounds urged by petitioner becomes unnecessary.

As we have stated many times heretofore, we do not conduct hearings for the presentation of oral evidence. Therefore the cause will be referred to the Eighth judicial district court of Nevada to take testimony and report the same to this court. Further decision on the petition will be held in abeyance until the said district court shall make report to this court and until the termination of such further proceedings, if any, as this court may order and direct.

Good reason appearing therefor, this cause is referred to the Eighth judicial district court of the State of Nevada to take testimony in accordance with the provisions of the statutes of Nevada relating to habeas corpus and in accordance with the statements of this court in its opinion filed this day in this cause, and in the opinion in Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655, 129 P. 308. Upon the termination of the taking of such testimony, the said district court shall return the same to this court.

BADT, C.J., concurs.

MERRILL, J., having become a member of this court after the argument and submission of the case, did not participate in the foregoing opinion.