IN THE MATTER OF THE APPLICATION OF RODNEY H.
COLTON FOR A WRIT OF HABEAS CORPUS, PETI-
TIONER, *v.* W. E. LEYPOLDT, SHERIFF OF CLARK
COUNTY, NEVADA, RESPONDENT.

No. 3895

March 21, 1956.                    295 P.2d 383.

*Harry E. Claiborne*, of Las Vegas, for Petitioner.

*Harvey Dickerson*, Attorney General, and *Geo. Dick-
erson*, District Attorney, Clark County, for Respondent.

84

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal from order of the trial court denying petitioner a discharge under writ of habeas corpus.

Petitioner, a member of the Board of County Commissioners of Clark County, was indicted by the grand jury of that county under sec. 9996, N.C.L.1929. Specifically the charge was that petitioner as county commissioner had agreed to accept $10,000 from one Louis

Tabet to exert his influence with the proper officials to the end that Tabet receive gaming and liquor licenses; that a scintillator or Geiger counter was accepted by petitioner as applying upon the agreed gratuity. Contending that he had been committed without reasonable or probable cause petitioner brought proceedings in habeas corpus seeking his discharge pursuant to sec. 11394, N.C.L.1929. Upon hearing petitioner sought to establish that the grand jury had acted without sufficient proof of guilt. To establish this contention those who had testified before the grand jury were called as witnesses. The trial court denied discharge and this appeal has been taken.

Upon this appeal petitioner's first contention is that the trial court erred in limiting his examination of Ed Reid, the only witness before the grand jury who had testified directly to the acts alleged to constitute the crime.

Asked to relate his testimony as given before the grand jury, the witness testified, "Well, I told the Grand Jury of visits Mr. Colton made to the El Rancho and meetings he had there with Louis Tabet. I believe there were several of them. I know there were several of them. I told the Grand Jury how I heard Mr. Colton agree to receive from Mr. Tabet the sum of $10,000. The scintillator given to Mr. Colton by Mr. Tabet was to be on the side of his cut. That was the expression used. I told of the presentation of the scintillator, at which point Mr. Colton said, 'You have made a County Commissioner very happy.' And that is about the gist of it."

The following exchange then took place between the witness and counsel:

"Q. That is all of your testimony before the Grand Jury pertaining to Rodney Colton? A. That is a summary of the testimony.

"Q. You mean that is your own synopsis? A. That is my own synopsis, yes.

"Q. We are interested in knowing what your testimony was, what you told them? A. I don't recall the

exact testimony. Perhaps if I had a copy of my testimony I could look at it and indicate just exactly what I did say. I can't recall at the moment."

Counsel then attempted to examine the witness as to the details of his testimony but was prevented from doing so by the court.

Nevada has long recognized that persons held under an indictment are entitled to release under habeas corpus when it clearly appears that they have committed no act which the law declares criminal or where there is no evidence which would indicate the commission of a crime on which they might be tried. Eureka Bank cases, 35 Nev. 80, 126 P. 655, 129 P. 308; Ex Parte Stearns, 68 Nev. 155, 227 P.2d 971.

Clearly, however, there are limits to the inquiry which may be had under habeas corpus. As stated in Ex Parte Stearns, supra [68 Nev. 155, 157; 227 P.2d 971, 972], it may not be "extended to determine the sufficiency of the evidence before the grand jury to warrant a finding of an indictment."

The United States Supreme Court in Costello v. The United States 76 S.Ct. 406, recently refused to approve procedure which would permit a review of evidence upon which a grand jury had acted. There the court stated, "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury."

The court entertaining the writ may, then, properly limit the scope of the examination. As stated by this court in the Eureka Bank cases, 35 Nev. 80, 113, 126 P. 655, 665, "[T]he court issuing the writ will look into the

evidence far enough to see whether there is any tending to show that an offense was committed and that there was cause to believe that the accused committed it."

From the testimony given by the witness as we have quoted it, it would appear that the grand jury had before it evidence tending to show that an offense had been committed and that there was cause to believe that the defendant had committed it. Further examination would simply have gone to the extent and sufficiency of the evidence. We cannot, then, say that the court acted improperly in holding further examination immaterial to the inquiry under habeas corpus.

Petitioner's next contention upon this appeal is that the trial court improperly rejected evidence by which petitioner sought to establish that the grand jury had indicted upon the uncorroborated testimony of an accomplice. The state opposes this contention upon several grounds, only one of which we need consider. We do not, then, act upon the state's contentions that petitioner's offer of proof demonstrated that if the witness was an accomplice he was not petitioner's accomplice but Tabet's; or that in any event such offer of proof went to the sufficiency or adequacy of the evidence before the grand jury.

It is clear from petitioner's offer of proof that the very evidence offered to establish that the witness was an accomplice would tend to show that he was but a feigned accomplice whose testimony need not be corroborated. State v. Verganadis, 50 Nev. 1, 248 P. 900. The court, then, was not in error in rejecting the evidence as immaterial to the inquiry under habeas corpus.

Affirmed.

BADT and EATHER, JJ., concur.