WILLIAM J. RAGGIO, District Attorney of Washoe County, Appellant, *v.* WILLIAM J. BRYAN, Respondent.

No. 4260

January 6, 1960          348 P.2d 156

*Roger D. Foley*, Attorney General, *William J. Raggio*, District Attorney, Washoe County, for Appellant.

*Streeter & Sala*, of Reno, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

Respondent was charged with furnishing intoxicating liquor, to wit, Scotch whiskey and champagne, to Jean Ann Dickson,[1] a minor of the age of 18 years, in violation of NRS 202.050. Section 2 of said act provides: "Nothing in this section shall be deemed to apply to parents of such minor * * * or to [her] guardian or physicians."

---

[1]In referring to Jean Ann Dickson as a minor we are not unmindful of NRS 129.010 which fixes the age of majority for females at 18 years. We do so because NRS 202.050 is entitled "Sales, gifts of intoxicating liquor to minors * * *," and that has become the popular name of the offense, even though the prohibition therein extends to all females under the age of 21 years.

After a preliminary hearing before a justice of the peace, respondent was bound over for trial by the District Court of the Second Judicial District. Thereafter respondent commenced this proceeding for a writ of habeas corpus in another department of said District Court, and as a result thereof he was discharged from custody. From the order of discharge this appeal is taken.

Appellant recognizes the statutory exemption of physicians, but he contends that the relationship of physician and patient must exist at the time of the act charged for such exemption to be applicable.

The only evidence before the court below was the transcript of the proceedings of the preliminary hearing before the justice of the peace. At said hearing the minor testified that she had gone to the office of respondent on May 13, 1959 to work for him as a paid employee addressing mailing matter in connection with a political campaign. That on arrival at about 3:00 p. m., she received from respondent a polio shot, but that such medication had not been prearranged, and no other medical treatment was given her by respondent except the shot hereinafter referred to. Respondent's receptionist left the office about 5:30 p. m. and thereupon respondent gave the minor two water glasses of champagne and about the same amount of whiskey. This liquor made her drunk, and she became sick. During the time she was drinking this liquor, respondent talked to her not about her problems, but about free love and matters of that general nature. Some time thereafter respondent administered her some sort of a shot because she had vomited. She was still intoxicated and hysterical when her mother saw her at midnight. A police officer testified that upon interviewing respondent after the above incidents, respondent admitted he had given the minor champagne and whiskey. Respondent had been the physician of the minor and her family for three years during which time he had given the minor hypnotic and other treatments.

The obvious purpose of exempting physicians from

4

the penal provisions of said statute was to protect them when prescribing intoxicating liquor in their professional capacity. Blakely v. State, 73 Ark. 218, 83 S.W. 948. No evidence whatsoever was presented to show that respondent supplied the minor with the liquor in his capacity as a physician, and the fact that the respondent for some period of time immediately preceding this incident had been the minor's family physician was in itself insufficient to raise such an inference. Cf. State v. Morton, 38 S.D. 504, 162 N.W. 155, Ann.Cas. 1918E, 913; State v. Pomeroy, 163 Mo.App. 288, 147 S.W. 144. On the other hand, the evidence clearly shows the contrary: the minor was not in respondent's office as a patient, but as a paid employee; the conversation of the parties during this period had no relation to any physical or mental ailment of the minor.

It was from such evidence that the justice of the peace properly could conclude that there was sufficient cause to believe respondent guilty as charged.

In the case of In re Kelly, 28 Nev. 491, 83 P. 223, 226, the court said:

"We are not called upon on this hearing to pass upon the sufficiency of this evidence to warrant the conviction of the defendant, and upon that question express no opinion. In this connection it is proper to observe that a magistrate, in holding a defendant to answer for a crime, is not required to have submitted evidence sufficient to establish the guilt of the person charged beyond a reasonable doubt. As was said in a recent decision (In re Mitchell, 1 Cal.App. 396, 82 Pac. 347: 'In order to hold defendant and put him on his trial, the committing magistrate is not required to find evidence sufficient to warrant a conviction. All that is required is that there be sufficient legal evidence to make it appear that "a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof." ' " Accord Ex Parte Liotard, 47 Nev. 169, 217 P. 960, 30 A.L.R. 63.

Respondent, having been bound over to the district court for trial as a result of a preliminary hearing at which sufficient legal evidence was presented to make it appear that a public offense had been committed as

charged and there was sufficient cause to believe him guilty thereof, was under such circumstances not unlawfully restrained of his liberty. Therefore it was error to grant the writ of habeas corpus which discharged respondent from custody.

Reversed.

BADT and PIKE, JJ., concur.