THE STATE OF NEVADA Upon the Relation of
EDWARD G. MARSHALL, District Attorney of
Clark County, Petitioner, v. EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF
CLARK, and HONORABLE JOHN SEXTON,
District Judge Presiding in Department Five
Thereof, Respondents.

No. 4617

May 29, 1963

382 P.2d 214

*Harvey Dickerson,* Attorney General, and *Edward G.
Marshall,* District Attorney, Clark County, for Peti-
tioner.

*John Manzonie* and *Drake DeLanoy,* of Las Vegas, for
Respondents.

## OPINION

By the Court, McNamee, J.:

Certiorari is sought to review the action of respondent court. Its jurisdiction is challenged on the ground that a criminal action charging the defendants therein with murder had been assigned to Judge Zenoff, one of the judges of the Eighth Judicial District, pursuant to Rule 10 of the Rules of the District Court of Clark County, Nevada, who had set the trial date for March 18, 1963; that on March 13, 1963, two motions in said criminal action were noticed before Judge Sexton, judge of the Third Judicial District, who was sitting in Department 5 of the Eighth Judicial District Court; that Judge Sexton shortened the time for hearing the motions to the afternoon of March 13, 1963; and that over the objection of the district attorney, orders were entered granting said motions.

In this proceeding we are concerned only with the order requiring the district attorney to produce for inspection and copying the following: the autopsy report of the victim; any and all photographs relevant to the action; all statements of all persons who testified at the preliminary hearing or who will be witnesses at the trial; and a certain tape recording theretofore given by defendant Valrie.

Said Rule 10 provides that after a criminal case is filed the Master Calendar Judge shall assign it "for arraignment and other proceedings as equally as possible among the judges of the court and when said assignment is made said assignment is then for all purposes * * *."

Petitioner contends that because of the prior assignment to Judge Zenoff, Judge Sexton had no jurisdiction to make the said order to produce.

Petitioner also cites Rule 26 of District Court Rules which provides that when any district judge shall have entered upon the trial or hearing of any case, proceeding or motion, or made any ruling, order or decision therein, no other judge shall do any act or thing in or about the matter. This rule is not applicable in the present case, because it positively appears that Judge Zenoff had done nothing in the case after the assignment to him other than setting, vacating, and resetting the trial.

Clark County District Court Rule 11 provides that any available judge may sign certain enumerated orders which do not include the order to produce. The final sentence of Rule 11 states: "All other orders, except as hereinabove noted, shall be signed by the judge of the Master Calendar if he be available, and if said Master Calendar Judge is unavailable then any other judge deeming the order proper may sign it and the matter shall be referred to the judge of the Master Calendar."

The record shows that on March 13, the date Judge Sexton signed the order to produce, Judge Zenoff was Master Calendar Judge and that he was not available. It thus appears in construing Rule 10 in conjunction with Rule 11 that Judge Sexton was authorized to shorten the time and to hear the motion. His resulting order to produce, even if erroneous in whole or in part, was not without jurisdiction.

NRCP 83 provides: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court, but shall not become effective until sixty days after approval by the Supreme Court and publication. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

Inasmuch as the said rules of the District Court of Clark County, Nevada, have never been approved by the Supreme Court, respondents contend that they have never become effective. On the other hand, petitioner argues that NRCP 83 relates only to civil cases, and that the rules made by district courts pertaining to criminal cases do not need supreme court approval to become effective. It is unnecessary to determine this issue because of the provisions of NRS 3.020 relating to jurisdiction of the district courts.

NRS 3.020 provides: "In judicial districts where more than one judge has been provided for * * *, such judges shall have concurrent and coextensive jurisdiction within the district, under such rules and regulations as may be prescribed by law, and the district judges therein shall have power to make additional rules and regulations, not inconsistent with law, which will enable them to transact judicial business in a convenient and lawful manner."

The rule-making power given to district judges by this statute does not include the power to adopt rules in conflict with statute, and will not be construed to authorize them to limit the jurisdictional power of a judge properly sitting within a judicial district having more than one judge. Twaddle v. Winters, 29 Nev. 88, 85 P. 280, 89 P. 289; see Sullivan v. Nevada Industrial Com., 54 Nev. 301, 14 P.2d 262.

The action of Judge Sexton in granting the motion to produce was within his discretion, and if there was an abuse of discretion such an error not going to the jurisdiction of respondent court cannot be corrected by certiorari. See Pinana v. District Court, 75 Nev. 74, 334 P.2d 843.

Writ denied.

BADT, C. J., and THOMPSON, J., concur.