## LEON SCOTT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 4861

July 8, 1965                                    404 P.2d 3

*Babcock & Sutton* and *R. Ian Ross,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General; *Edward G. Marshall,* District Attorney; *James M. Bartley,* Deputy District Attorney; and *Leonard Gang,* Deputy District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

As authorized by NRS 34.380(3) Scott appeals from an order of the district court denying his petition for habeas corpus. He was charged with the possession of narcotics, and claims that probable cause to hold him for trial in the district court was not established at his preliminary hearing in the Justice Court. He was not represented by counsel at that hearing. We do not know whether a sufficient showing was made because the district attorney refused to approve the employment of a reporter to transcribe the testimony, though the magistrate preferred to have the hearing reported. There is no record. The state now contends, as it did below, that we must apply the presumption of regularity (NRS 52.070(15)) and deny habeas relief. After all, argues the prosecutor, the want of probable cause cannot be found in the absence of a record showing it. We do not think that the appeal is so easily resolved.

The difficulty here presented is created by certain statutory provisions which appear to be at war. NRS 171.405(4) on which the prosecutor relies, provides: "The magistrate, if he deem it necessary for the best interests of justice, and upon the approval of the district attorney, is authorized to employ a reporter to take down all the testimony and the proceedings on the hearing or examination, and within such time as the court may designate have the same transcribed into typewritten transcript." Adopting the view that the quoted language invests him with final authority, the prosecutor in Clark County has proclaimed his policy not to approve the employment of a reporter if the accused is not represented by counsel at a preliminary hearing. Of course, if NRS 171.405(4) grants the district attorney that kind of power, the legislative purpose

expressed in NRS 34.500 (7) to make the writ of habeas corpus available to one who "has been committed on a criminal charge without reasonable or probable cause" is totally frustrated.

The remedy of habeas corpus to test probable cause has frequently been utilized. State v. Fuchs, 78 Nev. 63, 368 P.2d 869; Ervin v. Leypoldt, 76 Nev. 297, 352 P.2d 718; Raggio v. Bryan, 76 Nev. 1, 348 P.2d 156; Ex parte Liotard, 47 Nev. 169, 217 P. 960; In re Kelly, 28 Nev. 491, 83 P. 223. In addition to the explicit authorization of NRS 34.500 (7) we note that NRS 171.405 (9) contemplates that an accused may seek habeas relief following a preliminary examination, for it provides: "Testimony reduced to writing and authenticated according to the provisions of this section must be filed by the examining magistrate with the clerk of the district court of his county, and in case the prisoner is subsequently examined upon a writ of habeas corpus, such testimony must be considered as given before such judge or court." Inherent in the legislative provision for habeas relief (NRS 34.500 (7) and NRS 171.405 (9)) is the underlying assumption that a record of the preliminary examination will be made in order that the question of probable cause may be reviewed by the court in which the petition for habeas corpus is filed. The availability of this writ cannot, and does not, depend upon the district attorney's approval of the employment of a court reporter. The rights of one accused of crime are protected by the Constitutions of our Nation and State and do not rest upon the whim of the public prosecutor. We abhor the thought that one could be compelled to stand trial without a preliminary showing of probable cause simply because the prosecutor refused to allow a record to be made of the preliminary examination.

Apart from the language of NRS 171.405 (4) providing for the district attorney's approval that a record be made, the state suggests that the petitioner may not complain about the lack of a record, for he did not request one to be made. The answer to this contention

is that, without a record we cannot ascertain whether such a request was made. However, we think it appropriate briefly to discuss State v. Logan, 59 Nev. 24, 83 P.2d 1035, where it is stated that a defendant must request a record of the preliminary examination before he can complain on appeal from a judgment of conviction following trial. Of course, the Logan expression is wholly irrelevent to the issue here presented. In Logan a trial record was before this court for review, and disclosed substantial evidence to support the conviction. It is, therefore, understandable why the appellate court believed that the defendant's objection to the lack of a preliminary record came too late. Here we have nothing to review. A trial has not occurred, and there is no record of the evidence offered at the preliminary examination. The petitioner insists that probable cause to hold him for trial was not shown, and that he is being unlawfully deprived of his liberty. He has invoked the statutory remedy. We think that he is entitled to the relief requested.

We hold that a defendant's petition for habeas corpus filed pursuant to NRS 34.500(7) must be granted, if there is no record of the preliminary examination for review by the court in which the petition is filed. In such case no legal cause is shown for the continuation of the petitioner's imprisonment or restraint, and the judge must discharge him. NRS 34.480.[1]

BADT, J., and ZENOFF, D. J., concur.

[1]NRS 34.480 reads: "If no legal cause be shown for such imprisonment or restraint, or for the continuation thereof, such judge shall discharge such party from the custody or restraint under which he is held."