CHARLIE SHELBY, PETITIONER, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF PERSHING, AND THE HONORABLE MERWYN H. BROWN, JUDGE THEREOF, PRESIDING, RESPONDENTS.

No. 5094

May 31, 1966                                   414 P.2d 942

*J. Rayner Kjeldsen,* of Reno, for Petitioner.

*Roland W. Belanger,* Pershing County District Attorney, of Lovelock, for Respondents.

# OPINION

By the Court, THOMPSON, J.:

This is an original proceeding in prohibition to stay a district court criminal trial upon a grand jury indictment. A transcript of the testimony of the witnesses, who appeared before the grand jury, was not prepared. The petitioner, who is in custody, contends that the jurisdiction of the district court to proceed further is not shown to exist, absent a transcript of the testimony before the grand jury upon which the indictment was returned. We heretofore issued an alternative writ staying proceedings below until we could give due consideration to the issue presented. We now conclude that the application for prohibition must be denied because the writ of habeas corpus provides a plain, speedy and adequate remedy by which to present the matter in issue.

Following indictment, the petitioner, Shelby, was brought before the district court for arraignment upon the charge of assault with a deadly weapon. Before entering his plea, he moved for an order allowing him to inspect the transcript of the testimony of the witnesses who had appeared before the grand jury. Three reasons were advanced in support of his motion: First, to determine if the requisite standard of proof had been met to justify return of the indictment; Second, to determine if the indictment had been brought on legally admissible evidence; and, Third, to use the transcript for discovery in preparation for trial. The district court denied this motion. Shelby then moved to quash the indictment upon the ground that without a transcript it could not be determined if the indictment was based upon legally sufficient evidence. The lower court refused to quash the indictment and set the case for trial. This prohibition proceeding followed. We propose to designate the appropriate remedy to reach the issue presented

and also to consider relevant statutory provisions and case law bearing on the right to a grand jury transcript.

1. The extraordinary writ of prohibition attacks jurisdiction and is not available when there is a plain, speedy and adequate remedy in the ordinary course of law. NRS 34.320; 34.330.[1] Since 1912 this court has recognized that the writ of habeas corpus is the plain, speedy and adequate remedy by which to determine the legal sufficiency of the evidence supporting a grand jury indictment. Eureka Bank Cases, 35 Nev. 80, 126 P. 655 (1912); Ex parte Stearns, 68 Nev. 155, 227 P.2d 971 (1951); Ex parte Colton, 72 Nev. 83, 295 P.2d 383 (1956). Therefore, the availability of habeas relief precludes prohibition, [NRS 34.330; State ex rel. Callahan v. District Court, 54 Nev. 377, 18 P.2d 449 (1933); Kabadian v. Doak, 65 F.2d 202, 205 (C.A.D.C. 1933); Note 22 Cal.L.Rev. 545], particularly where, as here, the petitioner is under restraint.

2. It is fundamentally unfair to require one to stand trial unless he is committed upon a criminal charge with reasonable or probable cause. No one would suggest that an accused person should be tried for a public offense if there exists no reasonable or probable cause for trial. Our Constitution and Statute recognize this principle of fairness and provide for its protection by the writ of habeas corpus. Nev. Const. Art. 1, § 5, commands that the writ of habeas corpus shall not be suspended unless, in cases of rebellion or invasion, the public safety may require its suspension; and NRS 34.500(7) explicitly authorizes discharge from custody or restraint if one is

---

[1]NRS 34.320 reads: "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

NRS 34.330 reads: "The writ may be issued only by the supreme court to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested."

not committed upon a criminal charge with reasonable or probable cause.

The writ has been most commonly used to test probable cause following a preliminary examination resulting in an order that the accused be held to answer in the district court. See: State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964), writ denied; Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963), writ denied; State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962), writ denied; Raggio v. Bryan, 76 Nev. 1, 348 P.2d 156 (1960), writ denied; Ervin v. Leypoldt, 76 Nev. 297, 352 P.2d 718 (1960), writ denied; Goldblatt v. Harris, 74 Nev. 74, 322 P.2d 902 (1958), writ denied; Ex parte Kline, 71 Nev. 124, 282 P.2d 367 (1955), writ granted; Ex parte Sullivan, 71 Nev. 90, 280 P.2d 965 (1955), writ granted; and many others. The remedy is equally available for use following a grand jury presentment [See: Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960), writ granted.], and, as already noted, to test the legal sufficiency of the evidence supporting a grand jury indictment. Ex parte Colton, 72 Nev. 83, 295 P.2d 383 (1956), writ denied; Ex parte Stearns, 68 Nev. 155, 227 P.2d 971 (1951), remanded to district court to take evidence; Eureka Bank Cases, 35 Nev. 80, 126 P. 655 (1912), writ granted.

All of the cases cited compel the conclusion that whether the prosecution elects to proceed by criminal complaint and preliminary examination, by grand jury presentment, or by grand jury indictment, it must assume the burden of showing the existence of reasonable or probable cause to hold the accused for trial, if challenged on that ground. That showing cannot be made in the absence of a transcript of the testimony of the witnesses.

In Scott v. State, 81 Nev. 380, 404 P.2d 3 (1965), the prosecution was initiated by criminal complaint. A transcript of the testimony of the witnesses, who appeared at the preliminary examination, was not made. He petitioned for habeas relief, contending that probable cause to hold him for trial in the district court was not shown to exist and that he should not have been

bound over. We granted his petition, stating: "We hold that a defendant's petition for habeas corpus filed pursuant to NRS 34.500 (7) must be granted, if there is no record of the preliminary examination for review by the court in which the petition is filed. In such case no legal cause is shown for the continuation of the petitioner's imprisonment or restraint, and the judge must discharge him. NRS 34.480." By a parity of reasoning that principle applies with equal force to a prosecution initiated by grand jury presentment or indictment.

3. The statutes which govern the grand jury are found in NRS 172 and 173. Among other matters, they state what must be kept secret and what can be disclosed in the course of judicial proceedings. Unlike California, our statute does not specifically permit a defendant to have or make a copy of the grand jury transcript, nor does it require that a transcript be made. However, if the role of the grand jury and the rights of the defendant are to be realized, the statutes read in conjunction with one another make it evident that a transcript must be made to preserve the tesimony and evidence presented to the grand jury.

For example, NRS 172.260 (2) commands that the "grand jury can receive none but legal evidence and the best evidence in degree, to the exclusion of hearsay or secondary evidence." The preceding subsection, NRS 172.260 (1) provides that "in the investigation of a charge, for the purpose of either presentment or indictment, the grand jury can receive no other evidence than such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence, or the deposition of witnesses taken as provided in this title." Furthermore, NRS 172.280 designates the degree of evidence needed to warrant indictment. It provides that "the grand jury ought to find an indictment when all the evidence before them, taken together, is such as, in their judgment, would, if unexplained and uncontradicted, warrant a conviction by the trial jury."

It is apparent that without a transcript a court cannot intelligently determine whether the kind and quality of evidence contemplated by the code was in fact produced

before the grand jury, nor whether the indicted defendant should be held for trial.

4. We know that pretrial inspection and copying of the transcript of the testimony of the witnesses who appeared before the grand jury will, to some degree, diminish the traditional secrecy of grand jury proceedings and allow the discovery of evidence heretofore denied the indicted defendant. However, we hasten to point out that the rule of secrecy is not made absolute by the Nevada statutes governing grand juries. Grand jury testimony is permitted to impeach a witness (NRS 172.330(2)), at the trial of an indictment for perjury (NRS 172.330(2)), and where the disclosure would promote justice in the "due course of judicial proceedings" (NRS 172.140).

The principal reasons for the rule of secrecy are expressed in the following opinions: United States v. Rose, 215 F.2d 617 (3d Cir. 1954); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), dissenting opinion, Brennan, J. They are: (1) To prevent the escape of those whose indictment may be contemplated. (2) To insure the utmost freedom to the grand jury in its deliberations and to prevent persons subject to indictment, or their friends, from importuning the grand jurors. (3) To prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it. (4) To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes. (5) To protect an innocent accused, who is exonerated, from disclosure of the fact that he has been under investigation.

It seems to us that secrecy is not a valid reason for denying pretrial examination of the transcript of the testimony after indictment is returned and the accused is in custody or under restraint. California, Kentucky, Iowa, Minnesota, Florida, and New York to a limited

degree, allow such pretrial examination by statute.[2] Other states have done so by judicial decision. See: State v. James, 327 S.W.2d 278 (Mo. 1959); State v. Faux, 9 Utah 2d 350, 345 P.2d 186 (1959); State v. Moffa, 36 N.J. 219, 176 A.2d 1 (1961); see 66 Dickinson L.Rev. 379 (1962).

In any event, the secrecy provisions of the Nevada statutes are directed to the members of the grand jury rather than to the witnesses who appear before them and give testimony. NRS 172.330 states that "every member of the grand jury shall keep secret whatever he himself or any other grand juror may have said, or in what manner he or any other grand juror may have voted in a matter before them;" and, NRS 172.340 reads: "No grand juror shall be questioned for anything he may say or vote he may give during any session of the grand jury, relative to a matter legally pending before the jury * * * ." Clearly, the secrecy provisions do not preclude the disclosure of the testimony of witnesses. We, therefore, expressly overrule the inadvertent dictum found in Victoria v. Young, 80 Nev. 279, 284, 392 P.2d 509 (1964), "He is not even entitled to a transcript of the grand jury proceedings. NRS 172.330."

5. The matter of pretrial discovery in a criminal case is but indirectly involved with the problem at hand. A distinction is properly drawn between the ascertainment of facts forming the jurisdictional basis for a court to proceed to trial, and the discovery of evidence which is not necessarily related to the power of the court to proceed further. The habeas corpus decisions of this court following indictment, presentment, or preliminary examination are examples of appropriate inquiry into the power of a court to proceed to trial. The issue presented is not one of criminal discovery,

[2]Cal.Pen.Code tit. 4, § 925, 938.1 (1959); Ky.Rev.Stat. tit. b, ch. 1, § 110 (App. 1959); Iowa Code Ann. tit. 36, § 772.4 (1950); Minn. Stat.Ann. pt. 5, § 628.04 (1947); Fla.Stat.Ann. tit. 45, § 905.27 (1951); N.Y. Code Crim.Proc. tit. 14, § 952–T (1958).

though some discovery will incidentally result. Rather, the issue is jurisdictional in nature.

On the other hand, the matter of criminal discovery, per se, unrelated to jurisdiction, has been ruled discretionary with the trial court and not subject to challenge by extraordinary writ. [See: Pinana v. Dist. Ct., 75 Nev. 74, 334 P.2d 843 (1959), where we denied mandamus to compel the pretrial inspection by the defendant of certain statements made by her to the district attorney, results of certain blood alcohol tests, and an autopsy report; and Marshall v. District Court, 79 Nev. 280, 382 P.2d 214 (1963), where we held that the discretionary order of the trial court requiring the state to produce certain items of evidence for inspection and copying was not reviewable by certiorari.] Thus, the discovery of evidence which is not contained in the transcript of the testimony of the witnesses appearing before a grand jury, at a presentment hearing, or a preliminary examination, is a matter to be presented by a motion addressed to the discretion of the trial court. Should such motion be denied, the propriety of that ruling is subject to review on appeal following conviction upon the ground of an abuse of discretion.

6. Since Nevada case precedent has established the propriety of habeas corpus as the plain, speedy and adequate remedy to reach the issue here presented, we deny the petitioner's application for a permanent writ of prohibition and dismiss this proceeding. However, the guidelines suggested herein will aid in the future management of this case and others dealing with the same basic issue.

COLLINS, J., and ZENOFF, D. J., concur.