CHARLIE SHELBY, Petitioner, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Pershing, and THE HONORABLE MERWYN H. BROWN, Judge Thereof, Presiding, Respondents.

No. 5094

September 14, 1966 · · · · 418 P.2d 132

*J. Rayner Kjeldsen,* of Reno, for Petitioner.

*Roland W. Belanger,* Pershing County District Attorney, of Lovelock, for Respondents.

## OPINION ON PETITION FOR REHEARING

By the Court, THOMPSON, J.:

In seeking a rehearing on the recent decision rendered by this court in Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966), the respondents cite a single sentence of dictum[1] from Ex parte Stearns, 68 Nev. 155, 227 P.2d 971 (1951), also cited in Ex parte Colton, 72 Nev. 83, 295 P.2d 383 (1956). That dictum is inconsistent with the holding of the court in the Stearns case, supra, and conflicts with our expressions in Shelby, supra.

In both the Eureka Bank cases, 35 Nev. 80, 126 P. 655, 129 P. 308 (1912) and Ex parte Stearns, supra, this court held that the writ of habeas corpus was the proper method for seeking relief from a grand jury indictment which was not based upon "reasonable or probable cause," and that the court "can inquire whether any substantial evidence exists which, if true, would support a verdict of conviction, for if there is none the grand jury has exceeded its powers, and the indictment is void." Ex parte Colton, supra, Ex parte Stearns, supra, and the Eureka Bank cases, supra, all stand for the proposition that the prosecution, if it elects to proceed by grand jury presentment or grand jury indictment, must assume the burden of showing the existence of reasonable or probable cause to hold the accused for trial, if challenged on that ground. In the instant case we held that showing cannot be made in the absence of a transcript of the testimony of the witnesses.

Further, under the statute, NRS 172.260(2), the grand jury "can receive none but legal evidence, and the best

---

[1] It reads: "There is no doubt that inquiry upon habeas corpus may not be extended to determine the sufficiency of the evidence before the grand jury to warrant a finding of an indictment." Id., at 157.

evidence in degree, to the exclusion of hearsay or secondary evidence." Under this mandate, a person who had been indicted by the grand jury could challenge the indictment and test the legal sufficiency of the evidence supporting the grand jury indictment as to whether it was in fact "the best evidence" rather than mere "hearsay or secondary evidence."

The inconsistent statement of dictum contained in Ex parte Stearns, supra, is expressly disapproved.

Rehearing denied.

ZENOFF, D. J., concurs.

COLLINS, J., dissenting:
I would grant the rehearing.