## WALKER IVEY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5193

December 12, 1966                    420 P.2d 853

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug* and *Richard O. Kwapil, Jr.*, of Reno, for Appellant.

*Harvey Dickerson*, Attorney General, Carson City; *William J. Raggio*, District Attorney, and *Herbert J. Santos*, Deputy District Attorney, Washoe County, Reno, for Respondent.

### OPINION

By the Court, Thompson, J.:

This appeal is from an order denying a petition for habeas corpus. A grand jury indictment was returned, charging Ivey with statutory rape. In line with Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966), Ivey petitioned for habeas to secure a copy of the transcript of the testimony of the witnesses who appeared

before the grand jury, in order that he might determine whether reasonable or probable cause was shown to hold him for trial.[1] The district court apparently believed that an *in camera* inspection of the transcript by the court on the issue of probable cause would satisfy our holding in Shelby, and denied relief.

It is true that in Shelby we were not asked to decide whether the trial court, *in camera*, could resolve probable cause, when faced with a habeas petition bottomed on the failure of the state to show the existence of probable cause to hold the accused for trial. Yet that opinion carried strong statements bearing on the point. We there wrote: "We know that pretrial inspection and copying of the transcript of the testimony of the witnesses who appeared before the grand jury will, to some degree, diminish the traditional secrecy of grand jury proceedings, and allow the discovery of evidence heretofore denied the indicted defendant." Id., 82 Nev. 204, 210, 414 P.2d 942, 945. Furthermore, we pointedly overruled the dictum of Victoria v. Young, 80 Nev. 279, 284, 392 P.2d 509, 512 (1964), that a defendant "is not even entitled to a transcript of the grand jury proceedings." Id., 80 Nev. 279, 284, 414 P.2d 942, 945, 946. Those expressions are not consonant with an *in camera* review. They can only mean that an accused must be allowed to test probable cause in an adversary manner. This cannot be accomplished unless he is supplied a copy of the transcript.

In our opinion the notion of an *in camera* review by the court denies precepts which are basic to our system of justice. In this country, criminal justice is accusatorial, not inquisitorial. One has a right to be free from harrassment and restraint if probable cause for trial is not shown to exist. That right necessarily carries with it the right to know what evidence was formally received by the grand jury and supplied the basis for its indictment. Surely the quality of justice is enhanced by adversary contention. A court needs the assistance of counsel

---

[1]NRS 34.500(7) authorizes discharge from custody or restraint, if one is not committed upon a criminal charge with reasonable or probable cause.

for both sides if it is to judge wisely. We now hold that a copy of the grand jury transcript of the testimony of the witnesses appearing before it must be furnished the accused if, by habeas corpus, he challenges probable cause to hold him for trial.

We reverse the order below, and direct the district court to furnish the petitioner with a copy of the grand jury transcript within 30 days from this date. If not so furnished, the indictment shall be dismissed and the petitioner discharged from custody or restraint.

ZENOFF, D. J., concurs.

COLLINS, J., dissenting:

The majority opinion of the court holds that a defendant indicted by a grand jury, who challenges that indictment for probable cause, has a right to be provided a copy of the transcript of the testimony of witnesses. This in my opinion goes too far.

I agreed in Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966), that it was necessary for a transcript of the testimony of witnesses to be made, otherwise there was no effective way to test probable cause if challenged. We said in that case, Id. 414 P.2d 942, at page 945, "It is apparent that without a transcript a *court* cannot intelligently determine whether the kind and quality of evidence contemplated by the code was in fact produced before the grand jury, nor whether the indicted defendant should be held for trial." (Emphasis supplied.)

In order to implement the decision in Shelby we are faced with a difficult dilemma. We are asked to hold the defendant is entitled to the transcript of the testimony of witnesses as a matter of right, or to rule that the trial judge before whom the indictment is attacked by habeas corpus shall make an *in camera* inspection and thereafter, for cause shown, exercise discretion how the transcript may be used in determining probable cause. I feel the latter course is consonant with law and reason.

In petition for rehearing the Shelby decision, 82 Nev. 213, 418 P.2d 132, I dissented from a denial of the request because I felt the holding needed clarification.

That need for clarification is most apparent in this case. The majority opinion seems to confirm this because it says, "The district court apparently believed that an *in camera* inspection of the transcript by the court on the issue of probable cause would satisfy our holding in Shelby, and denied relief."

We are now asked by appellant to rule he has a right to a copy of the transcript of the testimony of the witnesses. The trial court denied such right and, after an *in camera* examination of the transcript, held appellant had not shown sufficient good cause warranting the court, in the exercise of its discretion, to order the transcript to be supplied him. The order should be affirmed.

Even the majority opinion concedes that appellant is entitled to no more than a transcript of the witnesses' testimony. Thus the transcript must be edited to eliminate from that part given appellant whatever a grand juror may have said or how he voted on a matter before them, NRS 172.330. A question arises whether appellant is also entitled to legal documentary evidence or depositions of witnesses before the grand jury, NRS 172.260. The questions before this court are of great complexity and cannot and should not be answered in too broad and sweeping an order. I fear we will be opening a floodgate freeing a torrent of practice and procedure we do not now perceive or comprehend.

The handling of grand jury transcripts can best be accomplished, in my opinion, by legislative enactment. By that means a comprehensive statute regulating the entire matter can be set down. It may be the legislature will not see fit to concern itself with the problem. In that event, by granting discretion to the trial courts, the problem can be dealt with case by case and a workable plan evolved within the framework of our present statutes and cases.

There is authority for this position. This court said in Ex parte Colton, 72 Nev. 83, 86, 295 P.2d 383 (1956), "The court entertaining the writ may, then, properly limit the scope of the examination. As stated by this court in the Eureka Bank cases, 35 Nev. 80, 113, 126 P. 655, 665 '[T]he court issuing the writ will look into the evidence far enough to see whether there is any tending

to show that an offense was committed and that there was cause to believe that the accused committed it.' " I do not mean to be understood that the underlying rationale of Shelby can be disregarded by the trial court in the exercise of its discretion. It may ultimately prove to be such that no other way can be found to test probable cause except by furnishing defense counsel a copy of the testimony of the witnesses before the grand jury. If that be so, because no other feasible way, just to both the prosecution and the defense and recognizing the historical position of grand juries can be found, then so be it. But I think we should explore the whole spectrum of the possibilities slowly, deliberately and cautiously before we throw open the gate. The mind can fashion all sorts of problems resulting from the majority holding. For example, if an indictment charges several defendants and testimony against one is not admissible against another in finding probable cause, yet the evidence is so interwoven as to be impossible of intelligent editing, what then? And who, except the trial judge, can do the editing that must of necessity be done even under the majority rule, because discussions and voting of members of the grand jury are absolutely secret under our statute, NRS 172.330 and 172.340, except for perjury alleged to have been committed by a member of the grand jury in making an accusation or giving testimony to his fellow jurors.

It is good, if it can be done without danger to legal precedent, to announce a clear, sharp rule of law in every case. But seldom are legal rights that precise and there is ever present the danger that a given decision, unless cautiously made, will produce completely unthought of results. Try as mightily as we can, neither this court, nor any court, can foresee the agility of the legal mind of good counsel in applying an announced rule to facts which are but a shade of difference away.

I would affirm the trial court's decision.