ALLEN GARY CROSS, Appellant, v. THE STATE OF
NEVADA, Respondent.

No. 5569

October 29, 1969                    460 P.2d 151

*Martillaro and Bucchianeri,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *John Chrislaw,*
District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, Mowbray, J.:

Allen Gary Cross was charged with the crime of Grand
Larceny. He was tried to a jury and convicted. He has
appealed, seeking a reversal on two grounds: (1) The evidence

offered by the State was insufficient as a matter of law to sustain the guilty verdict, and (2) the evidence of his prior misconduct received during the trial denied him his constitutional right to a fair trial. We affirm the conviction.

## I. SUFFICIENCY OF THE EVIDENCE

The crime occurred at the Golden Bubble Casino, commonly known as the Bubble, located in Douglas County. An eyewitness, Mrs. Michelle Ruggeri, who was a patron of the Bubble, testified for the State that she saw Cross take the money:

"A.   Well, he [Daniel Giles, relief bartender] gave me my nickels and I went around right, like I say, on this side of the bar to the first machine and started playing that. And I had put, I don't know how many because I didn't keep track, but it wasn't too many nickels into it and I almost got a jackpot and I turned around and say, 'See, Danny, my luck,' and Danny wasn't at the bar.

"Q.   Where was Danny?

"A.   I couldn't see him when I turned around, I couldn't see anybody, so I went back to call him and as I stepped back around I could see he was in the coffee shop, but as I turned back and went around I saw Gary [the defendant].

"Q.   Where was Gary?

"A.   Gary was behind the Keno counter.

"Q.   What was Gary doing?

"A.   I guess that is why I didn't holler, he had money and he was putting it over the glass partition, twice I saw it."

There is nothing in the record to contradict this portion of the witness's testimony.

Mrs. Ruggeri further testified that at the time Cross took the money there were only three other persons in the casino. Other state witnesses, employees of the Bubble, testified differently as to (1) the number of persons present and (2) when they arrived and left the casino. Cross contends that it is these inconsistencies in the testimony of the state's witnesses that render the state's evidence insufficient as a matter of law. We do not agree. Whether the State was bound by such inconsistencies is immaterial. The jury was not. In discharging its duty, the jury could accord to such statements whatever credit the jury deemed they warranted. State v. Fuchs, 78 Nev. 63, 68,

368 P.2d 869, 871 (1962); Ex parte Colton, 72 Nev. 83, 295 P.2d 383 (1956).

As the court said in State v. Sims, 409 P.2d 17, 23 (Ariz. 1965):

"Sims finally urges that the testimony of Davis and Marchman at the trial contain certain contradictions and discrepancies. These asserted contradictions and discrepancies are of such a nature as can and usually do occur in the course of most trials where much of the evidence is dependent upon the recollection of witnesses."

Also, in Duran v. People, 427 P.2d 318, 320, 321 (Colo. 1967), the court held: "The defendant emphasizes that the testimony of some of the People's witnesses varied with reference to the statements given the police, evidence adduced at the first trial, and alleged inconsistent descriptions pertaining to the weight, height, and headgear of the robbers; it also varied with reference to the color and make of the getaway car and other claimed discrepancies.

". . . .

"We have many times pronounced the rule that where there is competent evidence to support the verdict of the jury, the weight of the evidence and the credibility of witnesses are within the exclusive province of the jury. [Citation omitted.]"

## II. EVIDENCE OF APPELLANT'S PRIOR MISCONDUCT

Cross argues that the following questions exceeded the boundaries of proper cross-examination and denied him his constitutional right to a fair and impartial trial.

During the trial Cross's counsel, Mr. Martillaro, asked him:

"Q. Mr. Cross, have you ever been in any trouble or convicted of a felony?

"A. No."

On cross-examination, Cross was asked the following questions by Mr. Chrislaw, the District Attorney:

"Q. Were you in the military service?

"A. Yes.

"Q. Were you honorably discharged?

"A. No.

"Q. Have you ever been arrested prior to these two times?

"A. Yes.

"Q. How many times?

"A. I don't know.

"Q.   Have you ever been involved in any fights in this area within the last two years?

"THE COURT:   Well, that does go a little too far."

Defense counsel failed to object specifically to the questions of which he now complains. Accordingly, we shall not now consider this assigned error. See Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); State v. Ceja, 53 Nev. 272, 298 P. 658 (1931).

Cross's conviction is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.