This matter concerns a motion made by defendant to dissolve anad interim restraint. *Page 482 
The bill of complaint as filed alleges, among other things, that Warren Dixon, Jr., a Deputy Attorney-General especially assigned to investigate alleged violations of the criminal statutes of the State of New Jersey, and more particularly the alleged violations of the gambling laws of the State of New Jersey, in the County of Atlantic, had caused to have issued a subpoena duces tecum calling upon the four named complainants, all members of the police department of the City of Atlantic City, to appear before the grand jury of Atlantic County to give evidence on the part of the State of New Jersey, and to bring with them and produce "copies of your 1946 and 1947 income tax returns together with all supporting data or memoranda in connection therewith." The bill prays for an injunction against the said Warren Dixon, Jr., from requiring the production of the several written instruments above referred to, for a number of reasons.
Upon the original application this court granted ad interim
restraint as prayed for in the bill. On the day after the adinterim restraint was granted, Warren Dixon, Jr., moved that the restraint be dissolved. Upon the argument of the motion for dissolution the defendant advanced a number of reasons. Originally, neither party desired to file briefs. However, several days after the submission of the argument, both counsel apprised the court that they desired to file briefs and memoranda in connection herewith. It now develops that the complainants are relying solely upon their right of privacy in the instruments which they have been called upon to produce. The defendant, among other things, has argued that this court has no power or authority to enjoin him from demanding the production of the papers called for, and that there is an adequate remedy at law.
It must be generally conceded that ordinarily the Court of Chancery will not interfere with the enforcement of the criminal law of this State. An exception to this general rule, however, is to be found where valuable property rights will be protected by the Court of Chancery by injunction from damage or destruction, threatened or resulting, from the arbitrary acts of officials acting without due process of law. See Higgins v. Krogman,140 N.J. Eq. 518; 55 Atl. Rep. *Page 483 
2d 175, and cases therein cited. This court has the inherent authority to so restrain the acts of public officials even though concerned with the enforcement of the criminal law, upon a case properly made.
The primary inquiry, preceding any consideration of the reasons advanced for the obtaining of the relief prayed for, is one of jurisdiction. We are, therefore, concerned with the question of whether there is available to these complainants an adequate remedy at law. The problem is, are these complainants in the proper forum to obtain the relief which they request?
It is to be noted at the outset that the subpoena duces tecum
is not entitled in any court but is signed by "William A. Blair, Clerk" and "Lewis P. Scott, Prosecutor of the Pleas." It is agreed that this subpoena was issued out of the Court of Oyer and Terminer. We are here not concerned with any technical objection to the form of the subpoena.
It must be conceded at the outset that every court has complete control over its process. This being so, it may of itself determine whether any process was improvidently, improperly or illegally issued, or whether the mandate to produce certain papers was improvidently, improperly or illegally required. In theory, at least, the subpoena now in question was issued by the Court of Oyer and Terminer, although over the years the practical mechanics of issuing a subpoena duces tecum have developed to the point where the court itself does not actually issue it, but counsel, as officers of the court, attend to such issuance. The effect of such an issuance is the same as if application had originally been made to the court and a subpoena issued under its direction.
That there is a right to privacy in New Jersey has been recognized for many years. See Edison v. Edison Polyform andManufacturing Co., 73 N.J. Eq. 136: 67 Atl. Rep. 392; Vanderbilt
v. Mitchell, 72 N.J. Eq. 910: 67 Atl. Rep. 97; McGovern v. VanRiper, 137 N.J. Eq. 24: 43 Atl. Rep. 2d 514; Brex v.Smith, 104 N.J. Eq. 386; 146 Atl. Rep. 34.
Complainants rely particularly upon Brex v. Smith, supra, in which this court enjoined the defendant, the prosecutor of *Page 484 
the pleas of Essex County, from soliciting, demanding and receiving "all the bank accounts of all the members of the Newark police department and, in some instances, those of their wives" to be submitted to him for examination. The complainants contend that under this case the Court of Chancery has granted its relief in a situation similar to that sub judice. It is to be noted, however, that the demand for the production of the records called for in the case of Brex v. Smith, supra, was not by virtue of any subpoena duces tecum issued by any court, but was a private demand of the prosecutor of the pleas. Apparently the authority for such demand was presumed by the prosecutor to arise as an incident of his office. Therefore, there was open to the complainants in that case, for their protection, only a recourse to the Court of Chancery, since there was no adequate remedy at law available.
There is a dirth of cases in New Jersey which have passed upon the method of attacking a subpoena duces tecum. In the federal court, however, over the years a proceeding has been developed under which a witness may submit the question of the propriety of demanding the production of the instruments to the court out of which the subpoena was issued on a motion to quash the subpoena. This proceeding was set forth in United States v. Hunter,15 Fed. Rep. 712, and has received the approval of a number of subsequent adjudications.
In New Jersey, however, the only reported case which even indirectly treats this subject is In re Lefferts,67 N.J. Law 172; 50 Atl. Rep. 342. In this matter application was made for an attachment for contempt on account of the alleged contumacy of the witness in declining to produce affidavits before a supreme court commissioner in response to a subpoena duces tecum issued out of the Supreme Court. Said Lefferts appeared before the supreme court commissioner but refused to produce the affidavits on the ground that he regarded them as a privileged statement of facts under oath given to him by his client. In passing upon the question the court said as follows:
"It may be true, as asserted by the witness, that the affidavits in question contained privileged communications from *Page 485 
his client, although they were not made by the client, but whether the communications were privileged or not, was a matter to be determined by this court and not by the witness. If he desired to be excused from obeying the command of the writ for that reason, his course was to apply to this court to quash it, and the question could then have been considered and passed upon whether the contents of the affidavits were or were not privileged communications between counsel and client."
If, therefore, a subpoena duces tecum calls upon a witness to produce certain records, the production of which he conceives was improvidently, improperly and illegally required by the court, his recourse or remedy is to make application to the court out of which such subpoena was issued to quash it.
If, as above stated, the right of privacy should exempt or exclude these complainants from producing the instruments they have been called upon to produce, that right is as well recognizable by the Court of Oyer and Terminer upon a motion to quash the subpoena duces tecum as it would be in the Court of Chancery. It must be remembered that the application, if made to the Court of Oyer and Terminer, would not be for a restraint against a third party but would be for the quashing of process improperly, improvidently or illegally initiated and issued by the court itself. Therefore, since the complainants have an adequate remedy at law to protect their right of privacy, they fail in the primary jurisdictional requirement, i.e., that there is no adequate remedy at law; and this court is without authority to preliminary restrain the defendant.
In view of the foregoing conclusion, it becomes unnecessary to pass upon the merits of the reasons advanced for the restraint, or the balance of the arguments advanced for its dissolution.
The motion to dissolve the restraint will, therefore, be granted. *Page 486