SYLVESTER SCOTT, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5164

December 5, 1967                    434 P.2d 435

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *George Spizzirri,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the conviction of the appellant Sylvester Scott for second degree burglary and grand larceny.

On August 13, 1965, the home of Frank Walker was burglarized sometime between 2:40 and 4:00 p.m. About 3:00 p.m. a police officer, cruising in the vicinity of Walker's residence, observed the appellant driving a 1956 Buick. Since the appellant appeared to fit the description of a suspect wanted in relation to another incident, the officer pursued the vehicle. In the course of the pursuit, the Buick went out of control and crashed. The appellant jumped from the auto and ran away, but was later arrested. On the back seat of the abandoned vehicle the police discovered items identified by Walker as those taken from his home. A fingerprint obtained from one of the items matched a fingerprint of the appellant.

Following indictment and trial, a jury found the appellant guilty of second degree burglary and grand larceny. On appeal, we affirm the conviction.

1. The appellant contends there was no probable cause for his arrest or his indictment. Probable cause for arrest is clearly shown by the record evidence. Further, since 1912 it has been recognized that the proper procedure for challenging probable cause for the indictment is by writ of habeas corpus. Shelby v. District Court, 82 Nev. 204, 414 P.2d 942, rehearing denied 82 Nev. 213, 418 P.2d 132 (1966). Failing to make such challenge prior to trial, a post-conviction appeal comes too late. Skinner v. State, 83 Nev. 380, 432 P.2d 675 (1967), and cases cited therein.

2. Next, the appellant contends the police officer, who took the fingerprints from the stolen articles, was not qualified as an expert and it was error to admit his testimony. The primary testimony of the officer related the fact that he was the technician who removed the fingerprints from the articles. Since he was only involved in the mechanical aspects of removing the fingerprints and gave no opinion evidence which would require a consideration of whether he was an expert, such as the classification and identification of the fingerprints, the officer was competent to testify to facts acquired by first-hand knowledge. The evidence was properly admitted.

3. The appellant further contends the fingerprint records used as exemplars were unlawfully obtained. Complaint is made of the fact that, though the recovered items were immediately dusted for fingerprints, the appellant was not fingerprinted

until a few days before the trial. It is urged that the prosecution cannot seek to obtain evidence in this manner so late in the proceedings, that the appellant should have been advised of rights, that counsel should have been present and that the authorization for the fingerprinting was not a voluntary, intelligent waiver of the appellant's rights. We disagree.

First, only the comments of counsel suggest that fingerprints were obtained without the appellant's volition. The record evidence indicates the appellant consented and authorized the taking of fingerprints.

Second, fingerprinting does not offend any "sense of justice." Fingerprints are physical not testimonial evidence, and thus are not within the scope of the Fifth Amendment privilege. The right to counsel under the Sixth Amendment is not applicable to instances wherein fingerprints are taken since this is not a critical stage where the absence of counsel would derogate the right to a fair trial. Schmerber v. California, 384 U.S. 757 (1966); U.S. v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263 (1967). Further, it is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would aid in apprehending and convicting criminals. Fingerprinting does not violate Fourth Amendment rights or the due process clause of the Fourteenth Amendment. Schmerber v. California, supra; Warden v. Hayden, 387 U.S. 294 (1967). See also Graef v. State, 228 A.2d 480 (Md.App. 1967). There was no error in admitting the fingerprint evidence.

Affirmed.

MOWBRAY, J., being disqualified, the Governor commissioned Honorable Emile J. Gezelin of the Second Judicial District to sit in his place.