WILLIE RICHARD HARDISON, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 5042

February 6, 1968                               437 P.2d 872

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns* and *Addeliar Guy,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On March 27, 1965 the offices of the Bruni Construction Co. were burglarized of several blank payroll checks. On or about the day of the robbery the Foodland Food Market in Las Vegas cashed a check purporting to be a Bruni payroll check in the amount of $156.38. The check was payable to one John W. Pinkney and was ostensibly signed by Sam Bruni, son of Anthony Bruni, owner of the construction company. It turned out to be a forgery and Willie Hardison was identified from a group of pictures in the police files by the manager of the market as the "John W. Pinkney" for whom he cashed the check. Hardison was convicted of forgery. He appeals from the conviction assigning as error: the admission of handwriting exemplars into evidence, the admission of evidence obtained from a suppressed document, and the lack of probable cause to be held to answer and face trial.

1. The thrust of appellant's contention that it was error to admit handwriting exemplars into evidence is grounded on the premise that the taking of handwriting exemplars violated his constitutional rights. The arguments here advanced are similar to those propounded by the appellant in Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967), relating to fingerprint evidence. We here rule as we did in Scott v. State, supra.

The taking of handwriting exemplars does not violate the appellant's Fifth Amendment privilege against self-incrimination. Nor is there a violation of the appellant's Sixth Amendment rights since the taking of these exemplars is not a "critical" stage of the criminal proceedings in which the absence of counsel might derogate from his right to a fair trial. The handwriting exemplars were properly admitted into evidence. Gilbert v. California, 388 U.S. 263 (1967). See Scott v. State, supra; Schmerber v. California, 384 U.S. 757 (1966); United States v. Wade, 388 U.S. 218 (1967).

2. Next, the appellant contends that the trial court permitted expert testimony to relate evidence obtained from a suppressed document.

Our review of the record discloses that the trial court did not allow nor did the prosecution attempt to use, in any fashion, evidence relating to the suppressed document. This contention is without merit.

3. Further, the appellant asserts that there was no probable cause to be held to answer and stand trial in the district court. Such claim of error must be presented before trial and will not be entertained following trial and conviction. See Scott v. State, supra.

The conviction must be affirmed.

THOMPSON, C. J., COLLINS, BATJER, JJ., and O'DONNELL, D. J., concur.