ALFRED ADAMS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6458

September 28, 1973                     514 P.2d 208

[Rehearing denied October 25, 1973]

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Convicted of robbery (NRS 200.380), and murder (NRS 200.010 and NRS 195.020), by a jury verdict, appellant was assessed concurrent sentences to the Nevada State Prison. In this appeal he seeks reversal of the convictions and sentences. His sole contention is that fingerprint exemplars, admitted in evidence at trial, were the product of an illegal detention under the doctrine announced in Davis v. Mississippi, 394 U.S. 721 (1969), and thus inadmissible.

The crimes for which appellant stands convicted occurred April 18, 1969, at the Peyton Place Bar in Las Vegas. While the robbery was in progress one of the patrons in the bar was wounded by gunshot and subsequently died. During the investigation of the robbery and homicide appellant's fingerprints

were found in the bar. At trial the testimony of Robert Aernout, one of the participants, implicated appellant in the felonious activity. Aernout had, prior to appellant's trial, entered a guilty plea to the murder and was conceded to be an accomplice. To corroborate Aernout's damaging testimony which, *inter alia,* named Adams as a participant and placed him at the scene of the crimes, the State, over objection by appellant's trial counsel, introduced fingerprint exemplars taken from appellant on December 4, 1968.

Appellant's argument is predicated on the premise that appellant was found not guilty of the charges which led to his arrest on December 4, 1968; therefore, he concludes that the fingerprints taken during the booking process after that arrest were the product of an illegal detention and thus inadmissible. The contention is without merit.

Davis v. Mississippi, *supra,* is inapposite to this case. The facts in *Davis* show a "dragnet" operation by the constabulary which resulted in a large number of people being picked up, interrogated and fingerprinted. There was neither a warrant nor probable cause for the arrest, which was conceded to be constitutionally invalid and the High Court determined the use of fingerprints so obtained to be constitutionally proscribed. We view *Davis* as holding that the police may not round up all possible suspects on mere suspicion and compel them to provide exemplars of their physical characteristics in the hope that the exemplars will provide incriminating evidence.

The gist of appellant's argument is that *Davis* holds that any time an arrest is made and an accused is booked and fingerprinted that those fingerprints cannot be used unless the accused is subsequently convicted of the charge upon which the arrest was made. The argument is logically insufficient; *Davis* provides no such umbrella exclusion. In fact, as Justice Harlan stated: "There may be circumstances, falling short of the 'dragnet' procedures employed in this case, where compelled submission to fingerprinting will not amount to a violation of the Fourth Amendment even in the absence of a warrant . . ." 394 U.S. at 728.

The circumstances in the instant appeal are far different from those in *Davis*. Adams was arrested December 4, 1968, pursuant to an arrest warrant arising out of a criminal complaint that had been filed December 3, 1968, charging Adams and another with the robbery of a liquor store in Las Vegas,

on November 4, 1968. At a preliminary hearing on the charges, held December 16, 1968, the presiding magistrate ruled that there was probable cause to hold Adams [and the other named accused] for trial. The parties agree that Adams was ultimately found not guilty of that charge.

The legality of an arrest is not governed by the ultimate determination of guilt or innocence of an accused. Stewart v. State, 244 S.W.2d 688 (Tex.Civ.App. 1951); Wiley v. State, 170 P. 869 (Ariz. 1918); Price v. Tehan, 79 A. 68 (Conn. 1911). See NRS 171.124 et seq; Edward C. Fisher, LAWS OF ARREST § 78, pp. 168–175 (1967).

In Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967), we said: ". . . [F]ingerprinting does not offend any 'sense of justice.' Fingerprints are physical not testimonial evidence, and thus are not within the scope of the Fifth Amendment privilege. The right to counsel under the Sixth Amendment is not applicable to instances wherein fingerprints are taken since this is not a critical stage where the absence of counsel would derogate the right to a fair trial. Schmerber v. California, 384 U.S. 757 (1966); U.S. v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263 (1967). Further, it is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would aid in apprehending and convicting criminals. Fingerprinting does not violate Fourth Amendment rights or the due process clause of the Fourteenth Amendment. Schmerber v. California, supra; Warden v. Hayden, 387 U.S. 294 (1967). See also Graef v. State, 228 A.2d 480 (Md.App. 1967). There was no error in admitting the fingerprint evidence." 83 Nev. at 471, 434 P.2d at 436–437. See Comment, *Retention and Dissemination of Arrest Records: Judicial Response,* 38 U. Chi. L. Rev. 850 (1971).

The High Court's ruling in Davis v. Mississippi, *supra,* did not erode the rationale and continued viability of *Scott,* which is applicable in this case. Cf. People v. McInnis, 494 P.2d 690 (Cal. 1972), and People v. Fitzgerald, 105 Cal.Rptr. 458 (Cal.App. 1972). See Wong Sun v. United States, 371 U.S. 471 (1963).

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.