SHERIFF OF LANDER COUNTY, NEVADA, AND DISTRICT ATTORNEY OF LANDER COUNTY, NEVADA, Appellants, *v.* NEVADA NATIONAL BANK, A National Banking Association, Respondent.

No. 7153

February 7, 1974                                    518 P.2d 602

[Rehearing denied March 8, 1974]

*Robert List,* Attorney General, Carson City; and *T. David Horton,* District Attorney, Lander County, for Appellants.

*Guild, Hagen & Clark, Ltd.,* of Reno, for Respondent.

# OPINION

*Per Curiam:*

On September 27, 1972, Justice of the Peace Frank A. Bertrand of Austin Township issued a search warrant authorizing the sheriff of Lander County, George E. Schwin, appellant herein, to conduct a search "any time of the day or night" of the bank records of three depositors of the Nevada National Bank in Austin, Nevada, respondent in this appeal.

The search warrant was supported by an affidavit of Schwin, indicating that a reliable informant had disclosed the deposit of two specified checks otherwise payable to Lander County to the personal account of a certain public employee. Although the two checks were in Schwin's possession, Schwin believed that other county funds had also been deposited to the personal accounts of the employee or other depositors named in the search warrant.

The respondent Bank, indicating its willingness to comply with a subpoena, but unwillingness to comply with the search warrant, filed a complaint requesting that Schwin be restrained and enjoined from conducting a search of the records. A temporary restraining order issued, and a hearing was held on October 16, 1972.

The testimony elicited at the hearing from Schwin indicated that there was no concrete evidence for which he intended to search, but that he was seeking to conduct an investigation to determine whether there was a crime and to gather information that "might shed some light on it." The lower court ordered a permanent injunction at the conclusion of the hearing.

Appellant urges a reversal of this order on appeal and contends that there was probable cause to support the issuance of the search warrant and that an injunction is an improper remedy in this case. We find no merit in these contentions and therefore affirm the order of the lower court.

1. *The Validity of the Search Warrant.*

". . . [N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

The requirements of probable cause and particularity of description are meant to limit searches to items that are involved in a crime and to prevent general searches that are intended to produce incriminating evidence against a possible accused. Adams v. State, 89 Nev. 422, 514 P.2d 208 (1973); Giordenello v. United States, 357 U.S. 480 (1958); Brex v. Smith, 146 A.34 (N.J. 1929).

From the record before us, it is evident that the lower court could determine that the warrant was invalid on its face. Not only had no criminal complaint been filed, but the only evidence of a possible crime consisted of the checks already in Schwin's possession.

2.  *The Injunction.*

Where a search warrant is invalid on its face and the demands therein violate constitutional rights, equitable jurisdiction may be invoked to prevent an unconstitutional or unreasonable search and seizure. See Annenberg v. Roberts, 2 A.2d 612 (Pa. 1938), dealing with other questions of unreasonable search and seizure.

Although the general rule is that a court of equity will not enjoin a criminal prosecution, State ex rel. Pearson v. Hansen, 409 P.2d 769 (Wyo. 1966), most courts recognize that there is an exception to the general rule and that equity will enjoin arbitrary or unlawful acts of prosecuting officers charged with the duty of enforcing criminal laws, in order to prevent unlawful interference with property rights. Board of Regents v. City of Tempe, 356 P.2d 399 (Ariz. 1960); Frey v. Dixon, 58 A.2d 86 (N.J. 1948) (distinguishing between search warrants and subpoenas); State ex rel. Wiley v. District Court, 164 P.2d 358 (Mont. 1945); Brex v. Smith, *supra;* State ex rel. Freebourn v. Carrol, 279 P. 234 (Mont. 1924) (holding that whether certain action constitutes a crime is a question for a criminal court and not a court of equity); 42 Am.Jur.2d, *Injunction* § 238, at 1025, 1028 (1969).

Since we find that the search sought by Appellant Schwin was nothing more than a "fishing expedition" in search of unspecified and unknown criminal evidence, we affirm the order of the lower court. Barnato v. State, 88 Nev. 508, 501 P.2d 643 (1972).