Argued and submitted December 29, 1986, reversed and remanded April 22, reconsideration allowed by opinion June 24, 1987
See 86 Or App 152, 738 P2d 601 (1987)

## STATE OF OREGON,
*Appellant,*

*v.*

## DEBRA ANN SADLER,
*Respondent.*

(CF 86-32; CA A39571)

735 P2d 1267

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Sally L. Avera, Deputy Public Defender, Salem, argued the

cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant was charged with criminally negligent homicide. ORS 163.145. The state appeals from a pretrial order suppressing her January 16, 1986, statement to a police officer. ORS 138.060(3). The dispositive issue is whether she was in custody on October 24, 1985, when she was first questioned by the police. We conclude that she was not, and we reverse.

On October 24, 1985, defendant was involved in a two-car accident. She was taken to a hospital. Trooper Miller went to the hospital to investigate the accident. He requested a blood sample from defendant, and she consented. Miller also questioned defendant about the accident. She told him that she had been driving the car. On the basis of that admission and the fact that her blood-alcohol level was 0.193%, Miller advised her of her *Miranda* rights. Defendant told Miller that she felt that she should talk to "someone." Other than to ask whether she had been wearing a seat belt at the time of the accident and how she might be contacted later, Miller asked her no other questions. At the omnibus hearing, Miller testified that defendant was not in custody at the hospital, that he did not intend to arrest or cite her for any offense and that, as far as he was concerned, she was free to leave the hospital whenever she wanted to go. In fact, he was unaware of the circumstances surrounding the accident or the state of the accident investigation.

On January 16, 1986, Trooper Riley telephoned defendant. He identified himself, told her that he was investigating the accident and advised her of her *Miranda* rights. She asked him whether she should get a lawyer. He told her that he could not advise her about that, but that she did not have to answer any questions. She agreed to talk and gave Riley a statement about her activities before and during the accident.

Defendant moved to suppress her January 16 statement. In granting the motion, the trial court made no express findings of fact. In its letter opinion, the court explained:

"Viewing the totality of the circumstances as presented to the Court, the Court finds the statements made by defendant on January 16, 1986 to Clyde Riley not admissible. The Court relies heavily on *State v. Kell,* 77 Or App 199 (1986) at page 205 where the Court of Appeals quotes with approval from

*Edwards v. Arizona,* 451 US 477, 101 S Ct 1880, 68 L Ed 2d 378 (1981)."

We understand the court to have concluded that, during a custodial interrogation on October 24, defendant had invoked her right to remain silent and to counsel and that Riley violated those rights by initiating contact with her on January 16. *See Edwards v. Arizona, supra; Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966); *State v. Kell,* 303 Or 89, 734 P2d 334 (1987).[1]

The state contends that the trial court erred in suppressing defendant's January 16 statement. It argues that she was not in custody when Miller questioned her on October 24, and that *Miranda, Edwards* and *Kell* are inapplicable. It also argues that there are no additional issues under Article I, section 12, of the Oregon Constitution.[2] *See State v. Smith,* 301 Or 681, 725 P2d 894 (1986). Defendant argues that she was in custody on October 24, but that if she was not, she invoked her *Miranda* rights on that day. Therefore, she argues, Riley violated her state and federal constitutional rights when he telephoned her on January 16.

In *Edwards,* the United States Supreme Court held that a suspect in custody who invokes the right to counsel may not be interrogated further by police without the presence of counsel, unless the suspect initiates the contact. 451 US at 485. That holding was based on a need to protect the derivative right to counsel for persons in custody, as explained in *Miranda v. Arizona, supra.* In *State v. Kell, supra,* 303 Or at 101, the Supreme Court held that the *Edwards* analysis is equally applicable under Article I, section 12, of the Oregon Constitution. *Miranda, Edwards* and *Kell* apply only when a suspect is in custody. *See Minnesota v. Murphy,* 465 US 420, 425 n 3, 104 S Ct 1136, 79 L Ed 2d 409 (1984).[3] The issue then,

---

[1] There is nothing in the trial court's ruling to indicate that it believed that defendant's statement was involuntary. Rather, the order is grounded solely on the *Miranda/Edwards/Kell* rule.

[2] Article I, section 12, of the Oregon Constitution, provides in pertinent part:

"No person shall be * * * compelled in any criminal prosecution to testify against himself."

[3] In *Murphy,* the defendant made incriminating statements about another crime while he was being questioned by his probation officer. The United States Supreme Court stated that he did not have the right to have an attorney present during the questioning, because he was not in custody.

is whether defendant was in custody on October 24, when she was questioned by Miller.

"[I]nterrogation is custodial under *Miranda* if the police officer actually knows that he would not let the person being questioned leave or if the officer should be aware that the totality of the circumstances in which the interrogation takes place is such that the person questioned would reasonably believe he is not free to leave." *State v. White,* 297 Or 302, 310, 685 P2d 983 (1984); *see Berkemer v. McCarty,* 468 US 420, 104 S Ct 3138, 82 L Ed 2d 317 (1984); *State v. Smith, supra; see also United States v. Phillips,* 812 F2d 1355 (11th Cir March 20, 1987); *United States v. Beraun-Panez,* 812 F2d 578 (9th Cir March 13, 1987).

■     Miller testified that defendant was not in custody on October 24 when he spoke with her at the hospital and that he did not intend to arrest her or cite her for any offense. As far as he was concerned, she was free to leave the hospital whenever she wanted to go. He was unaware of the circumstances surrounding the accident or the state of the accident investigation. Defendant did not testify at the hearing, and there is no evidence in the record that she believed that she was not free to leave. *See State v. Hackworth,* 69 Or App 358, 685 P2d 480 (1984); *State v. Tyson,* 56 Or App 777, 643 P2d 396 (1982). Defendant points to no evidence in the record supporting a conclusion that the totality of the circumstances in which the interrogation took place was such that she would reasonably believe that she was not free to leave. *State v. White, supra.* In fact, she did leave the hospital at the end of her treatment. Contrary to the conclusion reached by the trial court, we are satisfied, as a matter of law, that defendant was not in custody on October 24 when Miller questioned her.

■     Defendant urges us to hold, however, that, even if she was not in custody on October 24, her rights to remain silent and to counsel, once invoked, are "sacrosanct" and that her custodial status is irrelevant. Defendant cites no authority for that proposition and we are aware of none.[4] Assuming, with-

---

[4] *Maine v. Moulton,* 474 US 159, 106 S Ct 477, 88 L Ed 2d 481 (1985), cited by defendant, is factually distinguishable. The issue in that case was whether the defendant's Sixth Amendment right to the assistance of counsel was violated by the admission at his trial of incriminating statements made by him to a codefendant, a secret government informant, after indictment and at a meeting of the two to plan defense strategy for the upcoming trial.

out deciding, that defendant invoked her right to counsel on October 24, when she told Miller that she thought that she should talk to "someone," we decline to extend the *Edwards* and *Kell* rule to non-custodial situations.[5]

Reversed and remanded.

---

[5] Because we conclude that defendant was not in custody on October 24, and that, therefore, *Miranda/Edwards/Kell* are not applicable, we need not consider the state's other arguments that she did not invoke her right to counsel by asking to talk to "someone," that the passage of almost three months allowed her ample time to talk to "someone" and that she did not invoke her right to counsel on January 16.