On appellant's motion for reconsideration filed May 4, 1987, reconsideration allowed, previous opinion (85 Or App 134, 735 P2d 1267) modified and, as modified, adhered to June 24, 1987

## STATE OF OREGON,
*Appellant,*

v.

## DEBRA ANN SADLER,
*Respondent.*

(CF 86-32; CA A39571)

738 P2d 601

Stephen Peifer, Assistant Attorney General, Salem, for the motion. With him for the motion were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

---

* Joseph, C. J., *vice* Young, J.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state moves for reconsideration of our decision, 85 Or App 134, 735 P2d 1267 (1987), in which we held that, because defendant was not in "custody" for *Miranda* purposes when Trooper Miller questioned her at the hospital, the protections of the *Miranda* rule did not apply to that questioning and, thus, did not preclude her later questioning by telephone. We based our ruling on both state and federal constitutional guarantees.

■ The state is concerned about the following language in our opinion on the test for determining "custody":

> " '[I]nterrogation is custodial under *Miranda* if the police officer actually knows that he would not let the person being questioned leave or if the officer should be aware that the totality of the circumstances in which the interrogation takes place is such that the person questioned would reasonably believe he is not free to leave.' *State v. White*, 297 Or 302, 685 P2d 983 (1984); *see Berkemer v. McCarty*, 468 US 420, 104 S Ct 3138, 82 L Ed 2d 317 (1984); *State v. Smith, supra; see also United States v. Phillips*, 812 F2d 1355 (11th Cir March 20, 1987); *United States v. Beraun-Panez*, 812 F2d 578 (9th Cir March 13, 1987)." 85 Or App at 138.

The state asserts that our reliance on *State v. White, supra,* is misplaced because, under later United States Supreme Court decisions, *White's* "subjective" test is no longer the law. We agree and allow reconsideration to clarify our earlier decision.

Under federal law, the test for determining custody is whether "a reasonable person in defendant's situation would have understood himself to be in custody or under restraints comparable to those associated with a formal arrest." *Berkemer v. McCarty, supra; see State v. Hackworth,* 69 Or App 358, 361 685 P2d 480 (1984).

> "A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the same suspect's position would have understood his situation." *Berkemer v. McCarty, supra,* 468 US at 442. (Footnote omitted.)

The test is one of the totality of the circumstances based on how a reasonable person would assess the situation.

■     *State v. White, supra,* was decided solely under the federal constitution, and it was necessarily superseded by *Berkemer v. McCarty, supra. See State v. Smith,* 301 Or 681, 684 n 3, 725 P2d 894 (1986). Our citation of *White* was, therefore, incorrect. Our reliance on *White* does not affect the outcome of this case, however. In the light of *State v. Smith, supra,* we decline to hold that "custody" has a broader meaning under the Oregon Constitution than it presently has under federal authority.

The incorrect reference to *White* is deleted from our earlier opinion, because it may be cited by counsel and trial courts in future cases in which an officer's subjective intent is in issue.

Reconsideration allowed; previous opinion modified and, as modified, adhered to.