**The STATE of Ohio, Appellee,**

**v.**

**FRY, Appellant.**

[Cite as *State v. Fry* (1988), 61 Ohio App.3d 689.]

Court of Appeals of Ohio,
Wayne County.

No. 2381.

Decided Nov. 30, 1988.

Frank C. Oehl, assistant prosecuting attorney, for appellee.

Ronald L. Rehm, for appellant.

QUILLIN, Judge.

Defendant, Roy D. Fry, appeals from the trial court's denial of his motion to suppress a statement he made to the police. He claims a non-custodial right to counsel was violated. We find no such right and, therefore, affirm.

Wayne County Deputy Sheriff Timothy Brown went to defendant's home on January 31, 1988 to investigate an accident that had involved defendant's van. Defendant told Brown that someone named "Jerry" had been driving the van. In the course of the conversation, defendant indicated that he thought that he should talk to an attorney. The conversation continued and defendant eventually signed a written statement regarding the accident. As Brown was leaving defendant's residence, defendant said he would attempt to discover Jerry's last name. Brown said that he would check back with defendant.

The next day, February 1, 1988, Brown went to defendant's place of employment. Brown asked defendant if he had discovered Jerry's last name and defendant responded that he had not. As Brown was starting to leave, defendant called to Brown and said, "Do you want to know the truth?" Defendant then admitted that he had been the driver of the van at the time of the accident and that he had made up Jerry.

Defendant then gave a second written statement regarding the accident and the previous false written statement. It is undisputed that no *Miranda* warnings were given to defendant at any time.

The trial court granted defendant's motion to suppress the statement made on January 31, but denied suppression of the statement made on February 1. Defendant then pleaded no contest to failure to control and driving under suspension.

### Assignment of Error I

"The trial court erred by denying appellant's motion to suppress the written statement taken on February 1, 1988."

■ Defendant contends that the trial court erred in denying his motion to suppress the February 1 statement because his Fifth and Sixth Amendment rights to counsel were violated. Because the Sixth Amendment right to counsel attaches only upon the initiation of adversary judicial proceedings, defendant's right to counsel, if there be one, is derived not from the Sixth Amendment, but from the Fifth Amendment privilege against compelled self-incrimination. *Moore v. Illinois* (1977), 434 U.S. 220, 226–227, 98 S.Ct. 458, 463–464, 54 L.Ed.2d 424, 432–433; *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378.

■■ The right to counsel, requested or not, attaches only when a suspect is in custody. *State v. Sadler* (1987), 85 Ore.App. 134, 137, 735 P.2d 1267, 1269 (citing *Minnesota v. Murphy* [1984], 465 U.S. 420, 424, 104 S.Ct. 1136, 1140, 79 L.Ed.2d 409, 417, at fn. 3). Therefore, a police officer may continue to question a suspect in a noncustodial situation, even if the suspect has made a request for counsel, as long as the officer's persistence in questioning does not render statements made by the suspect involuntary. See 25 Ohio Jurisprudence 3d (1981) 599–606, Criminal Law, Sections 336–337.

■ In the present case, there is no claim that the defendant was in custody. Deputy Brown had finished his discussion with defendant and was about to leave when defendant, on his own volition, chose to initiate a new colloquy with Brown. See *State v. Brown* (1988), 38 Ohio St.3d 305, 310, 528 N.E.2d 523, 532. Defendant's question, "Do you want to know the truth?", evinced defendant's willingness and desire for a generalized discussion about the investigation. *Oregon v. Bradshaw* (1983), 462 U.S. 1039, 1045–1046, 103 S.Ct. 2830, 2835, 77 L.Ed.2d 405, 412.

The discussion on February 1 was short. Defendant has not claimed that his statement was involuntary because of physical or psychological coercion or duress.

The assignment of error is overruled.

### Assignment of Error II

"The trial court erred by convicting appellant when it was without jurisdiction to do so."

Defendant contends that the trial court was without jurisdiction to proceed with the case because of the alleged violation of his Sixth Amendment rights.

Because there was no Sixth Amendment violation, the assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and CACIOPPO, J., concur.