OPINION

Per Curiam:

The Elko Police Department conducted an investigation into a *1199 series of check forgeries. In the course of that investigation, respondent Mylissa Lanning was interviewed by police about her knowledge of the forgeries. During that interview, Lanning confessed to the forgeries and supplied the police with a handwriting exemplar. The district court suppressed the confession and exemplar because Lanning had equivocated about her desire for the assistance of counsel. For the reasons discussed hereafter, we reverse.

Facts

Vicki Workman (Workman) hired Mylissa Lanning (Lanning) to housesit while movers packed Workman’s belongings.[1] Shortly thereafter, Workman discovered that a number of her checks had been forged and cashed for an amount in excess of $3,700.00. Workman notified Nevada authorities of the forgery. The Elko police department conducted an investigation into the missing checks. On February 25, 1992, Detective Ladd asked Lanning to come to the police station so that she could be interviewed about her knowledge of these checks. Lanning agreed to meet with Detective Ladd later that afternoon.
At the police station, Lanning was advised that she was not in custody and that she was free to leave at any time. No Miranda warnings were given. Lanning told Detective Ladd that “she should see an attorney because she did not want to incriminate herself.” Again, Ladd reminded Lanning that she was not in custody and that she was free to leave at any time. Suddenly, Lanning broke down crying, confessed to the forgeries, and gave the police a handwriting exemplar. Lanning was charged with two counts of uttering an altered instrument and two counts of possession of a forged instrument.
Following a preliminary hearing, Lanning was bound over to stand trial. Shortly thereafter, Lanning’s counsel moved the district court to have the confession and handwriting exemplar suppressed because Lanning was questioned after she expressed some desire for the assistance of legal counsel. The district court granted that motion on the same grounds. In response, the State filed this interlocutory appeal.

Discussion

Two issues are central to the disposition of this case: (1) whether the police can question a person who is not “in cus *1200 tody”[2] after that person expresses some desire for the assistance of counsel; and (2) whether the taking of handwriting exemplars is a critical stage where the absence of counsel would derogate the right to a fair trial.
I. Lanning’s Confession
The district court’s order suppressing Lanning’s confession and handwriting exemplar stated that:
Ms. Lanning was not in custody and therefore there was no need for her to be [M]irandized however, regardless of the status of her custody, upon the statement that she thought that she should talk to an attorney, the officer was obligated to question her only upon her desire for an attorney until it could be ascertained whether she truly wanted counsel. United States v. Cherry, 733 F.2d 1124, 1130 (5th Cir. 1984). This was not done.
The district court’s reliance on Cherry is misplaced. In Cherry, unlike the instant case, the defendant was in custody when he expressed a desire for the assistance of counsel. It is well-settled that a suspect in custody cannot be questioned by police after he expresses a need for the assistance of legal counsel, unless that suspect subsequently expresses that he wishes to waive the assistance of legal counsel. Koza v. State, 102 Nev. 181, 718 P.2d 671 (1986); see also Solem v. Stumes, 465 U.S. 638 (1984); Oregon v. Bradshaw, 462 U.S. 1039 (1983); Edwards v. Arizona, 451 U.S. 477 (1981); Fare v. Michael C., 442 U.S. 707 (1979); Miranda v. Arizona, 384 U.S. 436 (1966).
It is equally clear that a suspect questioned in a noncustodial setting is not entitled to legal counsel. See Williams v. State, 103 Nev. 106, 112, 734 P.2d 700, 704 (1987); see also Minnesota v. Murphy, 465 U.S. 420, 424 n.3 (1984) (the right to counsel, requested or not, attaches only when a suspect is in custody); Minnesota v. Ronnebaum, 449 N.W.2d 722, 724 (Minn. 1990) (a suspect has no right to counsel, even if he asks for it, if no charge has been filed against him and if he is not in custody); State v. Fry, 573 N.E.2d 1108 (Ohio Ct.App. 1988) (a police officer may continue to question a suspect in a noncustodial situation, even if the suspect has made a request for counsel, as long as the officer’s persistence in questioning does not render statements made by the suspect involuntary).
This court has held that a defendant has a Sixth Amendment *1201 right to be assisted by counsel at any critical stage of a criminal proceeding. Beals v. State, 106 Nev. 729, 802 P.2d 2 (1990); Brinkley v. State, 101 Nev. 676, 708 P.2d 1026 (1985). However, in the instant case, the district court clearly stated that Lanning was not in custody while she was being questioned by the police. Moreover, the district court also stated that: “Ms. Lanning was at the [police] station of her own free will, that she was not in a coercive environment and that she was free to leave at any time.” That statement leads to the inescapable conclusion that the noncustodial police interview of Lanning was not a “critical stage” of a criminal proceeding which would trigger Sixth Amendment protections. Lanning’s equivocal request for legal counsel is inconsequential. Accordingly, the district court’s order suppressing Lanning’s confession is clearly erroneous as a matter of law.
II. Lanning’s Handwriting Exemplar
This court has previously held that it was not a violation of a suspect’s Sixth Amendment rights to take handwriting exemplars in the absence of counsel because the taking of exemplars is not a critical stage of the criminal proceedings in which the absence of counsel would derogate the right to a fair trial. Hardison v. State, 84 Nev. 123, 437 P.2d 872 (1968); Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968); cf. Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967); accord United States v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263, 267 (1967); Schmerber v. California, 384 U.S. 757, 763-64 (1966).
Consequently, the district court’s order suppressing Lanning’s handwriting exemplar is clearly erroneous as a matter of law.

Conclusion

For the reasons discussed above, we conclude that the district court’s order suppressing Lanning’s confession and handwriting exemplar was clearly erroneous as a matter of law. Accordingly, we reverse the district court’s order and remand this case to the district court for proceedings consistent with this opinion.

Workman and her husband were relocating from Elko, Nevada, to McClure, Illinois. Workman was already in transit to Illinois while the movers were packing her belongings.

The term “in custody” refers to a formal arrest or a restraint on the freedom of movement to the degree associated with a formal arrest. California v. Beheler, 463 U.S. 1121, 1125 (1983).